## T. D. MORRIS v. THE STATE.

### No. 2380. Decided November 20, 1901.

**1.—Continuance.**

An application for continuance for a witness residing in another State is properly overruled where defendant made no effort to take the deposition of the witness; nor is it shown that said witness would probably be within the jurisdiction of the court at the ensuing term.

**2.—Same.**

An application for continuance for an absent witness is properly overruled where the application fails to state what was expected to be proved by the witness.

**3.—Same.**

An application for continuance is properly overruled which does not show the pertinency of the testimony sought, and where the testimony as disclosed is not material.

**4.—Change of Venue.**

An application for change of venue comes too late after the organization of the jury and defendant has pleaded to the merits, notwithstanding the motion was on file prior to the announcement of ready for trial. Pleas must be introduced in due order of pleading.

**5.—Argument of Counsel.**

Objection to argument by State's counsel of excluded evidence is eliminated where the court immediately told counsel that the evidence had been ruled out and ought not to be commented upon. Moreover, an objection to improper argument will not be considered where the defendant did not tender a special charge to the court instructing the jury to disregard such argument.

**6.—Admission of Evidence—Practice on Appeal.**

The court, on appeal is not authorized to review the admission of testimony where no bill of exceptions was reserved to its admission at the time it was introduced.

**7.—Motion for New Trial—Presence of Defendant.**

Where the judgment of the court shows that defendant was present when his motion for new trial and argument thereon was heard and overruled, and there is no bill of exceptions showing the contrary, the judgment will control.

**8.—Charge of Court.**

An omission in the charge of the court which, had it been given, would have been against defendant's interests, is a matter of which he can not complain.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of murder in the first degree; penalty, death.

The indictment charged appellant with the murder of W. G. Broom, on the 7th day of June, 1900, by means unknown to the grand jury.

The record is voluminous, especially the statement of facts. It was a case purely of circumstantial evidence, but the essential facts may be briefly stated as follows, viz: Appellant Morris and deceased Broom appear to have been friends of long standing. Appellant moved from Arkansas to Corsicana in the spring of 1900; and at Corsicana was engaged in working upon boilers and oil tanks, he being a blacksmith by trade. Deceased came from Weatherford, arriving at Corsicana shortly after defendant. He came in a wagon drawn by two mules,

and had with him in the wagon his carpenter box and tools and a trunk, lot of bedding and camping outfit. After reaching Corsicana he boarded with defendant and they engaged in several jobs of work together. On the 6th of June defendant's wife moved to Jacksonville. Defendant and Broom were seen frequently together after her departure. On the evening of June 7th they were on the road with the wagon and mules some five miles from Corsicana, looking for a man named Diffey, to whom they expected to sell the wagon and mules. Diffey met them there, but did not buy the property. George Leonard testified that he saw the parties, defendant and deceased, in front of Mrs. Patrick's home about 8 o'clock on the evening of June 7th; they were talking; defendant was sitting in deceased's wagon and deceased standing on the ground. This witness also testified that he heard a wagon leave Mrs. Patrick's house that night between 10 and 12 o'clock, and saw a buggy leave shortly afterwards, and they went in the direction of the tank where deceased's body was afterwards found. This was the last time deceased was seen alive by any of the witnesses. A few days thereafter, some little boys who were in swimming, discovered the body in the Cy West water tank, about two miles south of Corsicana. Grantham, a justice of the peace, who held the inquest, fished the body from the tank and he describes the condition in which he found it as follows: "A quilt was wrapped around the lower part of the body and tied with a rope. Over the head was a gunnysack that was pulled down over him and his hands were down and a rope was tied around his body holding his hands, and another rope around his body outside the sack. Inside this gunnysack was another gunnysack which had something like a hatful of rivets made of iron, and such as are used in building oil tanks. * * * Altogether these rivets in the gunnysack tied around the head would weigh about forty or fifty pounds. They were tied around his neck with a string. There was no house near the tank. * * * There were two very ugly wounds on the back part of the head; in fact the skull was crushed, and you could see through the hole. The body was fully identified as that of W. G. Broom.

On the 8th day of June defendant sold Broom's team of mules and wagon to Anderson & Johnson, in Corsicana, for $110. He stated he "had bought the property of Broom, and that Broom had gone south," and said he was going to Jacksonville, where his wife was. He shipped a box containing Broom's bedclothing addressed to Broom at Sabine Pass. He carried Broom's trunk with him. He was next seen in Texarkana and was arrested there after the dead body of Broom was found as above stated. Defendant did not testify in his own behalf at the trial.

J. S. Wheeler, for appellant.

Luther A. Johnson, County Attorney; O. C. Kirven, District Attorney; and Rob't A. John, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Apellant was indicted and convicted of murder in the first degree, his punishment being assessed by the jury at death.

In the first bill of exceptions appellant complains that the court erred in not granting his application for continuance. The application is based upon the absence of thirteen witnesses. All of these appeared and testified, according to the certificate of the judge, except the witnesses J. M. Evans and Mrs. G. W. Leonard. As to the witnesses Evans and Leonard, the application discloses that one ,resided in Milwaukee, Wis., and the other in the State of Colorado. The record does not show that appellant made any effort to take the deposition of the witness Leonard, nor is there any evidence that she would probably be within the jurisdiction of the court at the ensuing term. There is no showing whatever as to the witness Evans. However, appellant offers as an excuse why he did not seek the depositions of Evans that he did not know at that time his residence was in the State of Colorado. The application does not allege what appellant expected to prove by the witness, and hence in this respect is defective. By the witness Mrs. Leonard the application shows defendant expected to prove that while she was searching a box belonging to Mrs. Patrick she found a sheet covered with blood, and also the imprint of an ax, made by blood on said sheet. The application does not show the pertinency of this testimony, nor does it show that appellant had any connection with the bloody sheet, or that any one else had. We do not think the testimony is at all material, and, in our opinion, the court properly overruled the application for continuance.

Appellant complains the court erred in not entertaining his motion for change of venue. The court qualifies the bill as follows: "When the case was regularly reached and called for trial, the State announced ready. Defendant consumed considerable time in preparing and presenting his motion for continuance. This being overruled, the court proceeded to impanel the jury. Upon the impanelment forty-eight persons were examined, out of which not more than six were excused on account of any character of disqualification. That the jury was obtained from the remainder of the panel, appellant not having exhausted his challenges. That the jury was impaneled, and defendant had pleaded to the indictment, when for the first time the motion for change of venue was presented." We do not think the court erred in refusing to consider the application for change of venue after the organization of the jury and appellant's plea to the merits. Carr v. State, 19 Texas Crim. App., 635; Sims v. State, 36 Texas Crim. Rep., 154; White's Ann. Code Crim. Proc., art. 617. However, appellant insists his application for change of venue should have been considered, because it was on file prior to the announcement of ready, and the court should have taken judicial cognizance of it. We do not agree with this contention. Pleas must be introduced by appellant or his counsel in the due order of pleading, and after the announcement of "ready" and jeopardy accruing he could not be heard then to plead to the venue.

Appellant complains the court erred in permitting State's counsel in argument to refer to what had become of two hats belonging to deceased. This evidence had been theretofore excluded upon objection by appellant. The court immediately informed counsel the evidence had been ruled out, and ought not to be commented upon. Appellant's contention is that the court should have severely reprimanded counsel. We think the action of the court eliminated any harm that could have occurred by virtue of the argument of counsel. Furthermore, appellant did not tender a special charge to the court instructing the jury to disregard the argument. For a discussion of this question, see Pearl v. State, ante, page 189.

By bills numbers 4 and 5 appellant complains that the court erred in permitting the State to introduce the evidence of J. B. Diffey and Claud Witherspoon, taken upon the examining trial, where their evidence was reduced to writing. The objection was that they did not swear to the same after the evidence had been reduced to writing; and, further, it was not confronting defendant with the witnesses against him, as required by the Constitution. The qualification of the trial court to the bills, and in fact the bills themselves, show that appellant requested the court to postpone the case until he could obtain certain witnesses; that the State then, in open court, agreed with appellant's counsel, if he would permit the State to introduce at the examining trial evidence of the two witnesses objected to, defendant could have the use of the testimony of the other witnesses whose absence was complained of. This agreement was made by appellant's counsel in open court, and in the presence of defendant. Subsequently, the written testimony of the witnesses having been admitted without objection at the time, and after the trial, and appellant had forfeited his life, for the first time in motion for new trial he complains, and presents the bills of exception. We know of no rule in this court authorizing us to review the admission of testimony, where no bill was reserved to its admission at the time same was introduced. It matters not whether the agreement made by appellant for its introduction was valid or invalid; for, if appellant should insist the testimony is inadmissible, such insistence must be made at the time of its introduction; otherwise he can not be heard to complain, and ask the reversal of the case on account of his own laches.

Bill number 7 complains that the court erred in hearing argument upon motion for new trial in the absence of defendant. The bill shows appellant's counsel presented the motion for new trial during defendant's absence, but at that time no objection was made on that account. This occurred on May 28; and on May 31st appellant presented for approval a bill of exceptions complaining that the court erred in permitting counsel to argue the motion in his absence. The qualification of the judge shows there was no suggestion of the desire on defendant's part to be present when the motion was heard and counsel argued the same; that the court entered no order upon the motion at that time,

and the same was pending on the 31st day of May. The judgment of the court shows appellant was present by counsel and in person at the time said motion and argument thereon was heard and the motion overruled, and, no bill of exceptions showing the contrary, the judgment will control. We do not think there was any error in this matter of which appellant can complain. Gonzales v. State, 38 Texas Crim. Rep., 62.

He complains because the court failed to charge the law of robbery as a motive to the crime. This omission could not hurt appellant; for had it been given it would have been against his interests, and certainly is a matter of which he can not complain. The evidence does not raise the issue of alibi.

In many respects this case is similar to Pearl v. State, ante, page 189. The evidence established by the most cogent circumstances the guilt of appellant, and points with unerring precision to the fact that appellant alone committed the offense in order to get possession of deceased's property. A part of said property was found in his possession after the crime. The jury have inflicted upon appellant the death penalty, which is fully sustained and justified by the evidence.

No reversible error appearing in the record, the judgment is in all things affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]