**J. H. Velton STAPLETON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54499.**

Court of Criminal Appeals of Texas, Panel No. 1.

May 10, 1978.

Robert S. Williams, Fort Worth, for appellant.

Charles F. Campbell, Jr., Dist. Atty., Hillsboro, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

J. H. Stapleton appeals from his conviction for the offense of murder. Punishment was assessed by the jury at life.

Appellant, among other things, complains of the court's denial of his uncontroverted motion for change of venue.

Briefly summarized, the record shows that on February 7, 1976, appellant was at the residence of Ira Lane in Blum. With appellant were his wife and two teenaged sons. A number of other persons were present at the Lane home, including the deceased and the deceased's mother, brother, sisters and grandmother. An argument ensued between appellant and several others, after which appellant went out of the house and retrieved a rifle from his pickup truck. The witnesses heard a gunshot and saw the deceased, ten-year-old Susan Rene Williams, lying dead on the sidewalk outside the Lane house. Appellant stood in close proximity to her holding a "smoking" rifle in his hands.

Appellant complains of the court's denial of his application for change of venue which the State concedes was never controverted. Appellant's motion for change of venue was drafted in accordance with Article 31.03, V.A.C.C.P. It was supported by the affidavits of two compurgators and was filed prior to the parties' announcing ready for trial. He relies upon *Flores v. State*, 493 S.W.2d 785 (Tex.Cr.App.1973), and *Wall v. State*, 417 S.W.2d 59 (Tex.Cr.App.1967), for the proposition that under such circumstances it was error as a matter of law for the court to deny the application.

In *Wall*, this Court held that the defendant's motion for change of venue was erroneously denied because it remained uncontroverted by the State and because there was no hearing on the motion. Hence, the trial court had no basis for overruling an uncontroverted motion drafted in compliance with Article 31.03, supra.

Article 31.04, V.A.C.C.P., provides:

"The credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person. The issue thus formed shall be tried by the judge, and the motion granted or refused, as the law and facts shall warrant."

No evidence was offered on the application by either side.

In *Cox v. State*, 90 Tex.Cr.R. 106, 234 S.W. 72 (1921), the Court wrote:

"The presentation of an application for change of venue, properly verified, makes it incumbent upon the trial judge to change the venue, unless the application is controverted in the manner prescribed by statute, or unless the controverting affidavit is waived by the accused, and

evidence heard justifying the denial of the motion. . . ."

In March of this year this Court reversed the conviction in *Durrough v. State*, 562 S.W.2d 488 because no controverting affidavits to an application for a change of venue had been filed. The Court held that Durrough was entitled to a change of venue as a matter of law.

For the reasons stated above, the judgment is reversed and the cause is remanded.