**Thomas Amile REVIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64227.**

Court of Criminal Appeals of Texas, En Banc.

March 23, 1983.

Rehearing Denied May 25, 1983.

Joe B. Goodwin, Beaumont, Jim Vollers, Austin, for appellant.

James S. McGrath, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of murder. Punishment was assessed at ninety-nine years. Appellant does not challenge the sufficiency of the evidence.

In his first ground of error, appellant contends the trial court improperly denied his motion for a change of venue without conducting a hearing and without the State having filed any controverting affidavits.

Appellant was indicted for this offense in May of 1978. The record reflects that on October 6, 1978, the court conducted a pretrial conference pursuant to Article 28.01, V.A.C.C.P. Trial was then reset and eventually commenced on December 5, 1978. On December 4, 1978, prior to the commencement of the voir dire examination of the jury panel, appellant for the first time presented his motion for a change of venue. The trial court denied appellant's motion because it was untimely filed. The State never controverted appellant's motion nor was appellant ever given a hearing on his motion. No bill of exceptions is in the record to show what evidence, if any, would have been presented had the trial court permitted the change of venue motion to be heard.

The State contends that the motion for change of venue was not timely presented and thus the question of change of venue was not entitled to be either raised or considered. The State relies on Article 28.01, Sections 1(7) and 2, V.A.C.C.P. At the time of trial, these sections provided as follows:

"Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:

"* * *

"(7) Motions for change of venue by the State or the defendant; provided, however, that such motions for change of venue, if overruled at the pretrial hearing, may be renewed by the State or the defendant during the voir dire examination of the jury;

"* * *

"Sec. 2. When a criminal case is set for such pre-trial hearing, the defendant shall have five days after notice of setting in which to file his motions, pleadings and exceptions; and any such preliminary matters not raised and filed within the time allowed will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits."

■ In *Enriquez v. State,* 429 S.W.2d 141 (Tex.Cr.App.1968), this Court wrote that there was no need to pass upon the question of whether Article 28.01, Section 1(7), supra, was complied with because the question of change of venue had become a question of constitutional dimension under several recent Supreme Court decisions. See *Rideau v. State of Louisiana,* 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); *Estes v. State of Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). The Court then went on to discuss the merits of Enriquez' motion for change of venue, primarily by reviewing the voir dire examination of the jury. Our review of the case law since that decision shows that this Court has looked primarily to Article 31.03, V.A.C.C.P., when deciding whether a motion for a change of venue is properly filed. The clear import is that the limitations of Article 28.01, supra, can no longer bar consideration of a change of venue motion. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App. 1979); *Hussey v. State,* 590 S.W.2d 505 (Tex.Cr.App.1979); *Stapleton v. State,* 565 S.W.2d 532 (Tex.Cr.App.1978). In *Henley v. State,* 576 S.W.2d 66 (Tex.Cr.App.1978), the appellant was indicted in Harris County. On his own motion, the Harris County trial judge ordered a change of venue to the 175th Judicial District in Bexar County. On April 8, 1974, the judge of the 175th Judicial District Court began pre-trial hearings. The following day, Henley filed a motion for change of venue in compliance with Article 31.03, supra. This Court found that Henley's motion was properly filed in compliance with Article 31.03, supra. We note that this finding was made notwithstanding the fact that the motion was not in compliance with Article 28.01, supra.

Thus, we find in the present case that the trial court should not have denied appellant's motion because it was not filed in compliance with Article 28.01.

As noted above, the State did not file any controverting affidavits in response to appellant's motion. Usually, where the State fails to controvert the accused's motion for a change of venue, the accused is entitled to have the venue of the trial changed as a matter of law. *Fields v. State,* 627 S.W.2d 714 (Tex.Cr.App.1982); *Hooker v. State,* 621 S.W.2d 597 (Tex.Cr.App.1980); *Roy v. State,* 608 S.W.2d 645 (Tex.Cr.App.1980); *McManus v. State,* supra; *Hussey v. State,* supra; *Stapleton v. State,* supra; *Durrough v. State,* 562 S.W.2d 488 (Tex.Cr.App.1978), appeal after remand, 620 S.W.2d 134 (Tex. Cr.App.1981).

Overruling a motion for change of venue without a hearing, and without the motion being controverted by the State, is reversible error. *Durrough v. State,* supra; *Fields v. State,* supra. Appellant's motion for change of venue is in the language of the statute, is sworn to by the appellant and supported by the sworn affidavits of two credible persons who are residents of the county in which the case was to be tried. Thus, the appellant's motion for change of venue was properly before the court and the trial court reversibly erred·when it denied appellant's uncontroverted application. *Hooker v. State,* supra; *Hussey v. State,* supra. Thus, we have no other alternative than to hold that the trial judge reversibly erred when he denied appellant's motion simply because it was not timely filed. Appellant's first ground of error is sustained.

The judgment is reversed and the cause remanded.