**Arthur John BIEGAJSKI, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00402–CR.**

Court of Appeals of Texas,
San Antonio.

May 25, 1983.

Discretionary Review Refused
Sept. 21, 1983.

Bradford E. Yock, Houston, for appellant.

F.A. Cerda, Rio Grande City, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction of murder. Tex.Penal Code Ann. § 19.02(a)(1) (Vernon 1974). A jury found appellant guilty of the offense charged in the indictment and assessed punishment at 99 years' confinement in the Texas Department of Corrections and imposed a fine of $10,-000.00. We reverse.

On the night in question, appellant shot deceased in the chest during an altercation at the parking lot of the Fort Ringold Motor Inn in Starr County, Texas. There was a conflict in the testimony as to whether the deceased or appellant was the aggressor. Appellant's testimony and that of his wife raised the issue of self-defense when they both testified that appellant was attacked by the deceased and a group of the deceased's friends in the parking lot of the motor-inn. The jury resolved the conflict against appellant and he now presents us with seven grounds of error in this appeal.

We will first consider those grounds of error concerning venue because our disposition of these grounds of error will dispose of this appeal.

In ground of error number three, appellant alleges that the trial court erred in denying his motion for change of venue because it was untimely filed. In ground of error number four appellant complains of the trial court's denial of his motion for change of venue without a hearing. We will discuss both grounds of error together.

The trial court conducted a pre-trial hearing on July 9, 1980, and at that time heard and considered all pre-trial motions then on file. On March 13, 1981, appellant for the first time filed his motion for change of venue and presented it to the court on March 16, 1981, the date this case was set for trial. The State controverted appellant's motion and at the hearing which was immediately prior to voir dire examination of the prospective jurors, the State argued

that appellant's motion for change of venue was not timely presented as required by Tex.Code Crim.Proc.Ann. art. 28.01, § 2 (Vernon 1966), and further, that the motion for change of venue was not entitled to be filed or considered. The record reflects that the following colloquy occurred between the trial court and counsel for appellant:

THE COURT: All right gentlemen. The court is ready to rule. The Court is going to overrule the motion for change of venue, filing too late [sic]. Of course, you have the privilege again on your voir dire, if the evidence so appears. But at this time, I think that the jury—[sic] at least to my satisfaction any way. So for the time being, the court is going to overrule the motion for change of venue.

MR. DUVALL: Now, your honor, for the record, are you overruling my motion for change of venue, or are you just not allowing me to file it at this time?

THE COURT: I'm not accepting it as filed at this time.

MR. DUVALL: So you're not overruling the change of venue motion, you're just not allowing it to be filed at this time?

THE COURT: No, Sir, I'm not allowing it to be filed at this time.

\* \* \* \* \* \*

It is clear from the record that the court did not rule on the contents of the motion for change of venue, but rather, the court prohibited the appellant from filing the motion. This is in essence a denial of appellant's motion because it was untimely filed. There is no evidence in the record concerning venue and no bill of exception is in the record to show what evidence, if any, appellant would have presented had the trial court permitted the motion to be heard.

This precise issue was considered by the Court of Criminal Appeals in *Revia v. State*, 649 S.W.2d 625 (Tex.Cr.App.1983). The trial court in *Revia* denied appellant's motion for a change of venue because it was untimely filed when appellant for the first time presented his motion for change

of venue prior to the commencement of the voir dire examination of the jury panel. The Court of Criminal Appeals, in reversing the conviction in *Revia,* held "... we have no other alternative than to hold the trial judge reversibly erred when he denied appellant's motion simply because it was not timely filed." Based on the holding in *Revia,* we sustain appellant's ground of error number three. The fact that *Revia* was decided after the instant case was tried is irrelevant. The decision in *Revia* did not change established law. In arriving at their determination, the Court of Criminal Appeals in *Revia* stated:

> In *Enriquez v. State,* 429 S.W.2d 141 (Tex.Cr.App.1968), this Court wrote that there was no need to pass upon the question of whether article 28.01, Section 1(7), supra, was complied with because the question of change of venue had become a question of constitutional dimension under several recent Supreme Court decisions (citations omitted).... Our review of the case law since that decision shows that this Court has looked primarily to Article 31.03, V.A.C.C.P., when deciding whether a motion for a change of venue is properly filed. The clear import is that the limitations of Article 28.01, supra, can no longer bar consideration of a change of venue motion. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979); *Hussey v. State,* 590 S.W.2d 505 (Tex.Cr.App.1979); *Stapleton v. State,* 565 S.W.2d 532 (Tex. Cr.App.1978)....

Appellant's motion for a change of venue is in the record and it is in compliance with Tex.Code Crim.Proc.Ann. art. 31.03 (Vernon 1966).

■ We hold that the trial judge reversibly erred when he denied appellant's motion for change of venue because it was not timely filed. The judgment is reversed and this cause is remanded.

Appellant presents other grounds of error which we now discuss and conclude that they constitute fundamental error requiring a reversal of the judgment of conviction and a remand of this case to the trial court.

By his supplemental grounds of error numbers one, two and three, appellant complains of the trial court's charge applying the law of murder to the facts of the instant case. In support of his contention, appellant argues that the complained of charge fails to place on the State the burden of proving that appellant was not acting under the immediate "influence of sudden passion arising from an adequate cause"; that the action of the court violates due process of law under article 1, section 19, of the Texas Constitution, the Fifth and Fourteenth Amendments of the United States Constitution; and, that the action of the trial court was fundamentally erroneous.

■ We can review the error alleged even though it is raised for the first time on appeal in appellant's supplemental brief because the error complained of is of constitutional dimensions. *See Cobarrubio v. State,* Opinion No. 63,801, delivered January 12, 1983 (Tex.Cr.App.1983, not yet reported); *Jenkins v. State,* Opinion No. 64,000, delivered February 16, 1983 (Tex.Cr.App. 1983, not yet reported); Tex.Code Crim. Proc.Ann. art. 40.09(13) (Vernon 1979), prior to amendment; Tex.R.Civ.P. 211.

■ The charge in *Cobarrubio* and in the instant case are virtually identical. The trial court's charge applying the law of murder to the facts of the instant case, as in *Cobarrubio,* fails to require that the State prove the lack of sudden passion "beyond a reasonable doubt." In *Cobarrubio,* the Court of Criminal Appeals in reversing the judgment of conviction stated the following:

> ... With the defensive issue of sudden passion deleted from the paragraph on murder and placed *only* in the voluntary manslaughter paragraph as it is here, there exists a decided likelihood that a jury would affirmatively answer the murder paragraph, never having considered the defensive issue of sudden passion which would reduce the offense of murder to the lesser included offense of voluntary manslaughter. Thus, if the

jurors followed the court's instructions to the letter—indeed, we must presume they did—the State's burden of proof was significantly diminished and appellant was denied an opportunity to have the jury determine his guilt on the issue of murder as interpreted by the Court in *Braudrick, supra.* Under these circumstances, this error precipitated a denial of due process of law in the most fundamental sense.

*Cobarrubio,* at 4–5. Appellant's supplemental grounds of error are sustained. The judgment of conviction is reversed and the cause is remanded to the trial court.

Undoubtedly this cause will be tried again and when this occurs, questions raised by appellant in his remaining grounds of error will in all probability surface. We will therefore address appellant's remaining grounds of error.

 In ground of error number one appellant alleges that the trial court erred "... in the way it charged the jury on voluntary manslaughter because it authorized a conviction on a theory not alleged in the indictment and is therefore a fundamentally defective charge." Appellant's complaint is directed to the application of the law of the lesser and included offense of voluntary manslaughter to the facts by the court in its charge to the jury. He further argues that despite his failure to object at the trial, the error complained of on appeal is fundamental error requiring reversal. We disagree. Where the charge in submitting a lesser included offense presents an error which would be fundamental if the defendant were convicted of that offense, but he is instead convicted of a properly submitted higher offense, the error with regard to the lesser offense will not be deemed to be fundamental. *Thomas v. State,* 587 S.W.2d 707, 708–09 (Tex.Cr.App. 1979). In *Garret v. State,* 624 S.W.2d 953, 958 (Tex.App.—San Antonio 1981, pet. granted), *rev'd and remanded,* 642 S.W.2d 779 (Tex.Cr.App.1982), this Court applied the unassigned error rule and held that the failure to apply the law of transferred intent to the part of the charge dealing with the lesser and included offenses of voluntary and involuntary manslaughter constituted fundamental error. In reversing *Garret,* the Court of Criminal Appeals stated:

> ... [I]n the present case, appellant was convicted of the offense of murder. Although a proper charge on voluntary manslaughter and involuntary manslaughter would have contained the application of Sec. 6.04(b)(2), since appellant was convicted of murder any error could not constitute fundamental error under the logic of *Thomas, supra.*

642 S.W.2d 779, 781. We therefore hold that appellant's failure to object to the complained of charge at the time of trial waived any error and nothing is presented for review. Appellant's ground of error number one is overruled.

In ground of error number two appellant contends that the failure of the charge to include an instruction which required the jury to acquit the appellant if they had a reasonable doubt that he was not acting in self-defense deprived him of due process and was fundamental error. In support of his contention, he argues that the provisions of Tex.Penal Code Ann. § 2.03(d) (Vernon 1974) when a defense is submitted to the jury, the court is required to instruct the jury that a reasonable doubt on the issue requires that the defendant be acquitted. He further argues that the omission in the charge deprived him of a fair and impartial trial because the charge shifted the burden of proof from the State, or at the very least, it was a "diminution of the State's burden of proof." *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), surveys and categorizes the cases in which fundamental error has been declared. *Robinson v. State,* 596 S.W.2d 130, 132 (Tex.Cr.App.1980). *Cumbie,* at 733, declares a charge to be fundamentally erroneous when it permits an "authorization of any dimunition of the State's burden of proof." However, *Cumbie* does not deal with any such error concerning defensive issues. *Bueno v. State,* 630 S.W.2d 333, 335 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

The complained of omission occurred in a defensive issue in the case before us. Appellant made no objection to the omission as required by Tex.Code Crim. Proc.Ann. art. 36.14 (Vernon 1981), nor did he request a special instruction thereby calling to the trial court's attention the omission as mandated by Tex.Code Crim.Proc. Ann. art. 36.15 (Vernon 1981). The issue before us, therefore, is whether the error was calculated to injure the rights of the defendant or whether it appears that he has not had a fair and impartial trial. *See Fennell v. State,* 424 S.W.2d 631, 632 (Tex. Cr.App.1968). When a defensive theory is raised by the evidence, the trial judge must charge the jury on that theory where a proper request for such is made. *Barefield v. State,* 165 Tex.Cr.R. 581, 309 S.W.2d 451 (1958). It is not reversible error where no exception is filed to the charge as given. *Bueno, supra; Woods v. State,* 152 Tex. Cr.R. 525, 215 S.W.2d 334, 336 (1948); *Williams v. State,* 477 S.W.2d 24, 25 (Tex.Cr. App.1972). The Court of Criminal Appeals in *Cain v. State,* 154 Tex.Cr.R. 284, 226 S.W.2d 640, 642–43 (1950), stated the following:

> As stated by Judge Hawkins in *Anderson v. State,* 129 Tex.Cr.R. 586, 90 S.W.2d 564, 569, 'We are in accord with the holding that a charge should not be so worded as to shift the burden of proof to a defendant, and that ordinarily the question of reasonable doubt should be given in connection with an affirmative defensive charge, and that the failure to do so raises a serious question when such failure is pointedly called to the trial court's attention.'
>
> Though the better practice be to apply the doctrine of reasonable doubt in each paragraph and in connection with each defensive theory, it does not follow that failure to do so constitutes reversible error. [Cites omitted.]

It was the duty of appellant to make known to the trial court any objections to the charge as presented. We are of the opinion that the charge before us when viewed as a whole, is not so lacking as to have denied appellant a fair and impartial trial and presents no reversible error. *See Prescott v. State,* 54 Tex.Cr.R. 481, 113 S.W. 530 (1908). We hold that appellant's failure to object at trial waived his right to complain of such defect on appeal. Accordingly, appellant's ground of error number two is overruled.

In ground of error number five, appellant complains that jurors were "improperly excused". After the court had overruled his motion to quash the panel, appellant's counsel made no effort to attach the absent jurors in compliance with Tex.Code Crim.Proc.Ann. arts. 35.01 (Vernon 1966) and 37.07 (Vernon 1981). Consequently, appellant is not entitled to complain about prospective jurors being excused. *Ward v. State,* 505 S.W.2d 832, 836 (Tex.Cr.App. 1974), *cert. denied,* 419 U.S. 864, 95 S.Ct. 117, 42 L.Ed.2d 100 (1974). Ground of error number five is without merit and is hereby overruled.

We will point out, however, that the testimony of the District Clerk concerning the forty absent jurors next to whose names the notation "out of County" appeared, is tantamount to a practice which at least ostensibly allows county officials to arbitrarily grant exemptions, without the trial court's knowledge. This practice was not condoned by the Court of Criminal Appeals in *Stephenson v. State,* 494 S.W.2d 900, 906 n. 5 (Tex.Cr.App.1973), and certainly will not be condoned by this Court.

In ground of error number six, appellant complains that the jurors were improperly summoned. He presents no authorities or argument in support of this ground of error. Accordingly, we overrule ground of error number six.

In his final ground of error, appellant complains of the trial court's action in permitting the State to introduce, over his objection, the written statement of a witness who had testified for the State. Appellant argues that this was an impermissible bolstering of the witness's testimony. While cross-examining the witness, Ricardo B. De Leon, appellant first raised the subject of the witness's previous written

statement by reading a portion of the statement to the witness in the presence of the jury. By his questions, appellant implied that there had been no commotion in the lobby between appellant and the lounge manager, Ms. Leal, immediately prior to the shooting. On redirect examination of the witness De Leon, the State questioned him on the remainder of the statement pertaining to the same subject matter and offered the entire statement into evidence. It was permissible for the State to offer into evidence those portions of the statement on the same subject matter. *Wintters v. State,* 616 S.W.2d 197, 202 (Tex.Cr.App. 1981); Tex.Code Crim.Proc.Ann. art. 38.24 (Vernon 1979). Despite the fact that the entire statement of the witness De Leon was admitted by the court, no error is shown. Portions of the statement were admissible but appellant's objection was directed toward the statement as a whole. A general objection to an item of evidence, a part of which is admissible, is not sufficient to preserve error alleged for review. *Wintters v. State, supra.* Appellant's ground of error is overruled.

Accordingly, the judgment is reversed and the cause is remanded.