Alley & Alley, Richard Alley, Fort Worth, for appellant.

Dan B. Grissom, Granbury, for the State.

Before BURDOCK, FARRIS and LATTIMORE, JJ.

James JONES, Appellant,

v.

The STATE of Texas, State.

No. 2–87–099–CR.

Court of Appeals of Texas, Fort Worth.

July 21, 1988.

## OPINION

LATTIMORE, Justice.

Appellant, James Jones, appeals from a conviction of assault pursuant to TEX.PE-NAL CODE ANN. sec. 22.01 (Vernon Supp. 1988). The case was tried to a jury after appellant's motion for change of venue was overruled, subsequent to a hearing on the matter. The jury assessed punishment at one year in the Hood County Jail and a $2,000 fine.

We reverse and remand.

Appellant contends the trial court should have granted the motion for change of venue as a matter of law because the State filed no controverting affidavits.

Appellant was indicted on February 4, 1987, on a charge of aggravated sexual

assault. On April 3, 1987, a pre-trial hearing was conducted. Appellant's trial attorney had not filed any pre-trial motions at that time.

On April 8, 1987, the jury panel was given instructions by the court and then recessed at 9:20 a.m. Prior to voir dire, the court heard various pre-trial motions of the appellant, one of which was a motion to change venue which was filed that morning. The trial judge had not seen the motion prior to that time, and the State was given only ten minutes notice. Counsel for appellant obtained the original copy from the District Clerk's office immediately after informing the trial court of the filing that morning. The State objected on the grounds that the motion was not timely filed, and the State had no opportunity to respond and answer with affidavits of its own. The newspaper article which was the basis for the motion for change of venue was written on Sunday, April 5, 1987. The affidavits attached to appellant's motion were prepared on Monday, April 6, 1987. The motion and accompanying affidavits were forms with blanks to fill in the pertinent counties and names of the affiants. Appellant gave no reason, either in the motion or in argument, for the late filing. The appellant asked for a hearing on his pre-trial motions April 8, 1987, the morning of trial.

The court conducted a hearing enabling appellant to present evidence on the merits of his motion. Appellant declined to present evidence, standing solely on his claim that he had a right to a change of venue as a matter of law. The trial court found appellant's evidence insufficient and overruled the motion.

Appellant urges this court to reverse his conviction because he is entitled to a change of venue as a matter of law. Specifically, appellant claims that a statutorily correct motion for change of venue prepared before trial, but not filed until the morning of trial prior to voir dire which, as a result, gives the State no time in which to obtain controverting affidavits, cannot be denied as untimely or insufficient. We reluctantly agree.

The Texas Court of Criminal Appeals, relying on United States Supreme Court decisions, holds that the question of change of venue is a question of constitutional dimension and therefore, late filing of such a motion must be heard by the court before the case can proceed to trial. *Revia v. State*, 649 S.W.2d 625, 626 (Tex. Crim.App.1983); *Enriquez v. State*, 429 S.W.2d 141, 142 (Tex.Crim.App.1968). Although the Texas Court of Criminal Appeals holds that article 28.01 of the Texas Code of Criminal Procedure can no longer bar consideration of a change of venue, *id.*, in a recent review of the present confusing state of the law in this area, that court declined to address the question of when it is too late to file a motion for change of venue. *Faulder v. State*, 745 S.W.2d 327, 338 (Tex.Crim.App.1987). We agree that due process provides for a change of venue when a defendant demonstrates his inability to obtain an impartial jury and fair trial at the place of venue. *See Groppi v. Wisconsin*, 400 U.S. 505, 510–11, 91 S.Ct. 490, 493, 27 L.Ed.2d 571, 576 (1971), *citing Rideau v. Louisiana*, 373 U.S. 723, 726, 83 S.Ct. 1417, 1419, 10 L.Ed.2d 663, 665 (1963). Initially, the burden is on defendant to file his motion for change of venue with supporting affidavits; if the motion is proper on its face, the State must then either join issue by filing controverting affidavits or default by not filing any affidavits, thus entitling the defendant to a change of venue as a matter of law. *See Lundstrom v. State*, 742 S.W.2d 279, 286 (Tex.Crim.App. 1986) (dissent adopted in opinion on State's motion for rehearing); *Revia*, 649 S.W.2d at 627; *Fields v. State*, 627 S.W.2d 714, 719 (Tex.Crim.App.), *cert. denied*, 459 U.S. 841, 103 S.Ct. 91, 74 L.Ed.2d 84, *reh'g denied*, 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 625 (1982); *McManus v. State*, 591 S.W.2d 505, 516 (Tex.Crim.App.1979). The above decisions deprive the trial court of viable guides. It must assume that it may not hear evidence as to the credibility of the compurgators, nor their sources of information, nor whether the defendant can receive a fair trial in the community unless the State is prepared to present controverting affidavits with or without knowledge of

the facts. The defendant's attorney is encouraged to present his motion to change venue at a time after consideration of pretrial motions and immediately prior to voir dire of the jury panel, then decline to put on evidence when tendered a hearing forcing a continuance or a change of venue as a matter of law. This unhappy situation was created not by the rules of criminal procedure but by the body of decisions accumulated around the rules. The State, when met with a motion for change of venue at a time suspiciously close to trial, is left with the disheartening choice of hoping defense counsel will waive error by putting on evidence, present a motion for continuance or be faced with a change of venue as a matter of law through no fault of its own.

We note that it would have been more prudent of the State to request either a recess or a continuance in order to allow time to prepare controverting affidavits. Be that as it may, the State is still put in an untenable position by the present state of the law. We have no other alternative but to hold that the trial court reversibly erred in denying appellant's motion for change of venue. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.