**Marcos GUTIERREZ, Appellant,**

v.

**The STATE of Texas.**

**No. 1477–97.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1998.

Brazos County is not an essential element of the

Fernando Cortes, San Antonio, for appellant.

Frank Follis, Asst. DA, Seguin, Jeffrey L. Van Horn, Asst. State's Attorney, Matthew Paul, Austin, for the State.

*OPINION*

McCORMICK, P.J., delivered the opinion of the Court, in which MANSFIELD, KELLER, PRICE, HOLLAND and WOMACK, JJ., joined.

Appellant was convicted of first degree murder. The jury sentenced him to life imprisonment. The San Antonio Court of Appeals reversed the conviction and remanded the cause for a new trial. The Court of Appeals held that the trial court should have granted appellant's motion for change of venue as a matter of law because his properly verified application was not controverted, appellant did not waive the requirement that the State produce a controverting affidavit, and that no evidentiary hearing justifying the denial of the motion was conducted. We granted the State's petition for discretionary review to determine whether appellant waived his motion for change of venue and whether this Court should reconsider its de-

crime.

cision in *Revia v. State*, 649 S.W.2d 625 (Tex.Cr.App.1983). We will reverse the judgement of the Court of Appeals.

In *Revia*, this Court held, based upon our previous holding in *Enriquez v. State*, 429 S.W.2d 141 (Tex.Cr.App.1968), that the time limitations found in Section 2 of Article 28.01, Code of Criminal Procedure, do not apply to motions for change of venue because these issues involve questions of constitutional dimension. In *Revia*, appellant was indicted for the offense of murder in May of 1978. The record reflects that on October 6, 1978, the trial court conducted a pretrial conference pursuant to Article 28.01, V.A.C.C.P. Trial was then reset and eventually commenced on December 5, 1978. On December 4, 1978, prior to the commencement of the voir dire examination of the jury panel, appellant for the first time presented his motion for a change of venue. The trial court denied appellant's motion because it was untimely filed. The State never controverted appellant's motion nor was appellant ever given a hearing on his motion. This Court held that overruling a motion for change of venue without a hearing, and without the motion being controverted by the State was reversible error. *Id.* at 627, citing *Durrough v. State*, 562 S.W.2d 488 (Tex.Cr.App.1978), appeal after remand, 620 S.W.2d 134 (Tex.Cr. App.1981); *Fields v. State*, 627 S.W.2d 714 (Tex.Cr.App.1982).

In the case at bar, appellant's first pretrial hearing was held on October 19, 1994, to determine whether a reduction of bond was in order. An additional pretrial hearing was set for November 4, 1994, and trial was set for November 7, 1994. On November 4, 1994, a hearing was held on appellant's motion to continue the November 7 trial date. The motion was granted, and the court scheduled another pretrial hearing for November 16, 1994, and reset the trial for December 5, 1994. On November 22, 1994, a pretrial hearing was held on three motions filed by appellant. Not one of the motions pertained to a change of venue. The court granted a motion for continuance, resetting the trial date for January 24, 1995. The court also set a hearing on a motion to quash the indictment for December 14, 1994. At the hearing on December 14, 1994, the court heard the motion to quash the indictment, but no motion for a change of venue was either filed or mentioned by appellant.

Thereafter, appellant filed another motion for continuance and a motion for change of venue at 9:40 a.m. on January 24, 1995, the day on which trial was to commence. The trial judge initially denied the motion for change of venue but granted the motion for continuance. However, the trial judge later indicated that he would hold an evidentiary hearing on appellant's motion for change of venue at the next pretrial hearing:

"The Court: You filed a motion for change of venue?

"Mr. Cortes: Yes, Your Honor.

"The Court: Okay, and I will deny that motion.

"Mr. Kirkendall: Your Honor, I would like the record to reflect that this case has been set for pretrial on at least three occasions, the most recent being yesterday, the 23rd.

"Today, the 24th, is the date they filed their motion for change of venue and handed it to me just this moment. Article 28.01 of the Code of Criminal Procedure requires that any such motion be filed at least 7 days before pretrial or be waived.

"The Court: I denied it as far as the change of venue is concerned.

\* \* \*

"Mr. Kirkendall: Your Honor, is there another pretrial date we could have for the—

"The Court: Yes, I would like to—

"Mr. Kirkendall:—the motion for change of venue, particularly.

"The Court: All right, let me do this.

"Mr. Kirkendall: It is going to have to be an evidentiary motion.

\* \* \*

"The Court: In fact, before you leave here today, we are going to come up with a date for that pretrial, Okay? All right."

Following this pretrial hearing on January 24, 1995, the State filed controverting affidavits. The trial judge then reset the trial for

February 28, 1995, and scheduled another pretrial hearing for January 27, 1995.

At the January 27, 1995, pretrial hearing, the trial court allowed appellant's counsel to take up the motion for change of venue. Counsel for the appellant refused to present the motion or present any evidence in favor of the motion. Appellant's counsel claimed that the motion to change venue had been denied by the trial court. The trial court afforded appellant an opportunity to present the motion and any evidence pertaining to the motion:

"The Court: The criminal case for today is Cause No. 94–1081–CR, the State of Texas v. Marcos Gutierrez.

"Mr. Kirkendall: The State is ready, Your Honor.

"Mr. Cortes: Defendant is ready, Your Honor.

"The Court: Is the defense ready?

"Mr. Cortes: We're ready to proceed.

"The Court: We're here on a hearing on your motion for change of venue. Is that correct?

"Mr. Cortes: I would object to the proceeding as far as that is concerned, Your Honor. My understanding is that my change of venue was denied a couple of times on the record on Tuesday.

"The Court: Okay. Now, do you want a hearing?

"Mr. Cortes: No, Your Honor, I don't want a hearing.

"The Court: We on [sic] the record now, sir. And what I'm concerned about is— if you want a hearing, this is your opportunity.

"Mr. Cortes: I will object to the proceedings on the motion for new trial, especially in light of *Stapleton v. State*, 565 S.W.2d 532 [(Tex.Cr.App.1978)], which indicates that as a matter of law, I would have been entitled to a change of venue if the State did not present controverting affidavits or evidence controverting my motion, which was not done. My motion was denied without any evidence or, essentially, a hearing.

"Mr. Kirkendall: Your Honor, just so the record is complete, Counsel did not file a motion for change of venue through three pretrials and one pretrial conference and shows up the day of trial with a motion for change of venue.

"The Court denied it based on, I assume, our objection which— it was late filed. It was not filed more than seven days before the pretrial hearing. Then, when the Court granted the continuance, which was the other motion, the court set this hearing for today. We, subsequently, properly filed controverting affidavits, which I assume Counsel has received.

"The State is ready. I have my witnesses on standby. I have one conflict at 9:30; and I would like to be excused to go to that because it was prior scheduled, and some people are coming in from out of state. But other than that, the State is ready to go this morning.

"The Court: All right.

"Mr. Cortes: The change of venue issue is a constitutional issue. I can raise it anytime before I announce ready for trial, which I did.

"Again, it was denied. It was not set for a hearing. And subject to the hearing, maybe it would be denied. It was denied without a hearing and without controverting affidavits. The denial was not based on anything other than—

"The Court: It was denied based on the fact that you did not timely file it. You were set for trial, okay. Tuesday, January 24, 1995. You knew that. And the record will reflect that you filed your motion for change of venue that day, January 24, 1995. Is that correct?

"Mr. Cortes: That's correct, Your Honor.

"The Court: Okay. I later granted you a motion for a continuance, and I'm giving you the opportunity to go ahead and have a hearing on your motion for change of venue. This case has been rescheduled for jury trial on February 28, 1995. Do you understand that?

"Mr. Cortes: Yes, Your Honor, I do.

"The Court: Are you telling this Court that you do not want a hearing on the motion for change of venue?

"Mr. Cortes: I do not want another hearing on the motion for change of venue. I didn't get a hearing the first time.

"The Court: You didn't have a hearing because you didn't timely file the motion.

"Mr. Cortes: Again, Your Honor, then, I would imagine that, properly, it should have been set for Friday without being denied. My motion was denied.

"I'm not filing a new motion now. If the State wants to file motion, fine. I'll agree to it.

"The Court: Are you telling this Court that you're, then, wanting this Court to dismiss your motion for change of venue?

"Mr. Cortes: Your Honor, the way I understand it, my motion has been denied. I don't have another motion.

"The Court: Your motion, as far as any denial was concerned, was based on the fact that you had announced ready for trial; and you wound up coming here and filing a motion for change of venue the day of trial.

"Mr. Cortes: I believe, Your Honor, that I am entitled to do that. It's a constitutional issue. I can bring up a change of venue anytime before I raise— announce ready for trial.

"The Court: And thereby—

"Mr. Cortes: I did that.

"The Court: And thereby delay the trial itself? Is that what you're telling me?

"Mr. Cortes: That's not what I'm saying, Your Honor. I'm just saying it's a constitutional issue that can be brought up anytime before I announce ready for trial, and that's what I did.

"Mr. Kirkendall: Your Honor, it's clear that Counsel is attempting to do nothing other than sandbag this Court.

"The Court has given them every opportunity to have a hearing. He has clearly waived his right to a hearing on his motion for change of venue. The State is ready to proceed and will remain ready throughout the day.

"The Court: What is your motion again?

"Mr. Cortes: If sandbagging is procedural errors, then that must be what I'm doing here. The procedural problem I see now— I raised the issue that I am entitled to bring up anytime before I announce ready for trial. That's exactly what I did. My motion was denied without any controverting affidavits or a hearing.

"The Court: I am giving you that opportunity, and you're [not] taking advantage of it.

"Mr. Cortes: Your Honor, I'm not filing another motion. My motion was denied. I think it's reversible error.

"The Court: All right. Mr. Cortes, please. I want to go ahead and see that your client gets a fair trial. Okay? And I'm giving you this opportunity, and you're telling me in so many words— you're telling me in so many words that you don't want a hearing on your motion for change of venue.

"Mr. Cortes: No, Your Honor. That's not what I'm saying. I'm saying that my motion was already denied on the record at least two times. I believe that if we continue it this way— I'm not bringing another motion because I think the way it was denied is reversible error. We could continue on this path, that' fine. I'll bring it up on appeal.

"The Court: All right. Let me ask you this: Is there any [sic] other motions you are filling here prior to the trial of this case on [February] 28th?

"Mr. Cortes: Yes, You Honor, there are. I have today a motion for discovery. We don't have to hear it today, we can hear it later. I have correspondence from opposing counsel that I can go ahead and contact them concerning the D.P.S. lab. Now he has a list of documents that my expert requested of me. We can get together and get these documents.

"I also have a motion to suppress on file. But the change of venue motion— my change of venue has been denied.

"The Court: All right. Mr. Cortes, as far as the Court is concerned, I've given you the opportunity to have a hearing on your motion for a change of venue. As far as this Court is concerned, it appears that you do not want a hearing.

"Mr. Cortes: Again, Your Honor, I believe that, again, it was denied, two times on the

record. There is no motion if my motion has already been denied. I don't have another motion.

"I had one motion. It was denied without controverting affidavits or without a hearing. It was not set for today to be heard. It was actually denied. And this date was set for a motion for change of venue, but it's not mine.

"The Court: So, apparently, you're abandoning your motion for change of venue?

"Mr. Cortes: Pardon me?

"The Court: You're abandoning your motion for change of venue?

"Mr. Cortes: No, Your Honor, I am not abandoning it. My motion has been denied.

"The Court: That's all we have. Anything else?

"Mr. Cortes: Thank you, Judge.

"Mr. Kirkendall: May I be excused, Your Honor?

"The Court: Wait a minute. Excuse me, one other thing so we are not playing this game on the 28th.

"Mr. Cortes: I understand that, Your Honor. I——

"The Court: No, no, no, no. Let's go on to another subject. You file another motion. Okay? I don't want to wind up hearing those motions the day of trial. So what I'm encouraging you to do is get your motion filed, and we'll set a date for those for hearing if it's necessary——

"Mr. Cortes: Okay.

"The Court:—— so we don't wind up coming in here February 28th and having the same problem that we had this past Tuesday, the 24th of January, when you filed a motion at the last minute." (Emphasis added).

The trial court held two more pretrial hearings on February 17th and 27th. Appellant did not reurge his motion to change venue at any time during the two subsequent pretrial hearings. Nor did he reurge his motion when he presented other last minute pretrial matters before trial began on February 28th.

We find *Revia* distinguishable. In this case, appellant is in a position that is more akin to that of the defendant in *Foster v. State,* 779 S.W.2d 845 (Tex.Cr.App.1989). In *Foster,* the defendant repeatedly objected to the trial court's decision to withhold a ruling on the defendant's motion for change of venue until after voir dire was completed. When the jury was finally seated, the court offered the defendant an opportunity to hear his motion. Being under the opinion that the issue had become moot, the defendant refused to go forward with his motion. The trial judge denied the motion, and the judgment was affirmed on grounds that the defendant had waived the right to a hearing on his motion to change of venue.

In the case at bar, appellant (mistakenly) believed that his motion for change of venue was denied which resulted in his waiver of a hearing and any opportunity to present evidence on the motion. Therefore, we hold that appellant waived his motion for change of venue when he ceased to advocate or advance his position that he wanted a hearing to establish his right to a change of venue as a matter of fact.

The trial court acted properly in its handling of the change of venue motion. It was permissible for the trial court to hold its ruling on the motion in abeyance until the January 27, 1995, pretrial hearing. *Id.* at 854–55 citing *Henley v. State,* 576 S.W.2d 66 (Tex.Cr.App.1979). And since appellant waived his opportunity for a hearing on the motion to change venue, the effect of the trial court's decision to hold in abeyance its ruling is legally equivalent to a situation where a trial court either chose to withdraw its decision or decided not to render a decision at all. Therefore, no "final" decision was ever entered regarding a denial of appellant's motion to change venue.

We reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

MEYERS, J., filed an opinion concurring in the judgment in which BAIRD, J., joined.

KELLER, J., filed a concurring opinion in which MANSFIELD, J., joined.

OVERSTREET, J., dissents.

MEYERS, J., delivered a concurring opinion in which BAIRD and OVERSTREET, JJ., joined.

I concur. The majority opinion purports to answer one question presented: did Appellant waive his motion for change of venue when he refused to proceed with a hearing on the motion when given the chance? In answering this question, the majority implicitly decides, without addressing, a second question: is a trial court's initial ruling denying a motion fixed and absolute, such that it cannot subsequently be reconsidered?[1] I write separately to explicitly address that question.

The majority states, "[i]n the case at bar, appellant (mistakenly) believed that his motion for change of venue was denied[.]" But Appellant was not mistaken in his belief that the trial court initially denied his motion and stated on the record: "I will deny that motion," and "I denied it as far as the change of venue is concerned." Clearly the trial court denied Appellant's motion.

Realizing its own error, the trial court later rescinded its ruling and offered Appellant the opportunity to have a hearing on his motion. Appellant's mistaken belief is that the trial court is without power to rescind its ruling. We recently recognized that a trial court can rescind its own order. *Awadelkariem v. State*, 974 S.W.2d 721 (Tex.Crim.App. 1998). As I stated in my concurring opinion in *Awadelkariem*, "a court has inherent power to correct, modify, vacate, or amend its own rulings. In other words, so long as the court does not by its ruling divest itself of jurisdiction or exceed a statutory time table, it can simply change its mind on a ruling. The ability to do so is a necessary function of an efficient judiciary." *Awadelkariem*, at 728–29 (Meyers, J., concurrence). Thus a trial court's initial ruling denying a motion is not fixed and absolute, barring a statutory prohibition or the loss of jurisdiction. A trial court may subsequently change its own ruling.

After addressing that second question, I now turn to the question of whether Appellant waived his motion. The trial court denied Appellant's motion for change of venue but later vacated that ruling. Subsequently, the trial court offered Appellant the chance to have a hearing on his motion for change of venue. Appellant refused to proceed with the hearing. In so doing, Appellant waived his motion for change of venue. This Court need not address the remainder of the State's grounds for review.

With these comments, I concur in the judgment of the Court.

KELLER, Judge, concurring.

I join the opinion of the Court. I write, however, because I think that there could be cases in which a trial court could deny as untimely a motion for change of venue filed after the Art. 28.01 deadline without running afoul of the Constitution.

Change of venue procedures are governed by statute, and Art. 28.01 would appear to apply to motions for change of venue. And although the question of change of venue is a question of constitutional dimension, *see Revia v. State*, 649 S.W.2d 625, 626 (Tex.Crim. App.1983), even constitutional matters are not wholly exempt from procedural rules. *See Michel v. Louisiana*, 350 U.S. 91, 97–98, 76 S.Ct. 158, 100 L.Ed. 83 (1955)(a state "may attach reasonable time limitations to the assertion of federal constitutional rights" including "the right to challenge discriminatory practices in the make-up of a grand jury"); *id.* at 97 n. 4, 76 S.Ct. 158 ("A state procedural rule which forbids the raising of federal questions at late stages in the case, or by any other than a prescribed method has been recognized as a valid exercise of state power," quoting *Williams v. Georgia* 349 U.S. 375, 382–383, 75 S.Ct. 814, 99 L.Ed. 1161 (1955)). If the basis for a change of venue motion were to come into existence or be made known to defense counsel only after the Art. 28.01 deadline, a defendant would not be bound by the statutory directives.

1. State Prosecuting Attorney's third ground for review.

But if the facts alleged in the motion were present before the deadline, I do not believe that requiring compliance with the statute would deny a defendant any constitutional rights. And, our statute's requirement of controverting affidavits is not a constitutional requirement. So even if new prejudicial publicity occurred after the deadline, and the court denied the motion without controverting affidavits and without a hearing, I think there would be no constitutional violation unless the merits of the motion required a change of venue.

We do not need to reach these matters in this case. For the reasons given in the majority opinion, the trial court did not err in its handling of the motion for change of venue. I make these comments because I think appellate courts should be aware of the possibility that a trial court that denies a motion for change of venue as untimely might not necessarily fall into constitutional error and because we appear to have taken the matter out of the hands of the legislature by suggesting that it may not restrict the time for filing a motion for change of venue.[1] And I make these comments because defendants should be aware that they may risk disappointment if they file an untimely motion for change of venue for the purpose of building in reversible error rather than for the purpose of actually seeking a change of venue.

MANSFIELD, J., joins.

---

1. *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App. 1991) was decided after *Revia.* A *Boykin* analysis might lead to a different result.