### JUAN GONZALES v. THE STATE.

#### No. 1151. Decided June 16, 1897.

**New Trial—Defendant's Absence When Same is Heard—Waiver—Practice.**

On the 13th day of February defendant's motion for a new trial was overruled and his notice of appeal was given and entered. On the 17th of February he proposed to save an exception, upon the ground that defendant was not present when his motion for new trial had been overruled, whereupon the court entered an order setting aside the judgment on the motion and ordered a rehearing on the motion for new trial for the 20th of February, which it had the right to do. On this last date, defendant declined to present his motion anew because the same had already been decided, and for the further reason that his notice of appeal deprived the court of further jurisdiction in the case. It does not appear, however, that the motion was again acted upon by the court on the 20th. Held, defendant's action was an abandonment of the right of rehearing afforded him by the court, and furthermore was an abandonment of his insistence of the grounds of his original motion for new trial, and that the court acted properly in passing final sentence upon the defendant. Following Laird v. State, 15 Texas, 317.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLANE.

Appeal from a conviction for burglary; penalty, three years imprisonment in the penitentiary.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at imprisonment in the penitentiary for a term of three years, and prosecutes this appeal.

There is but one bill of exceptions in the record, and that is to the action of the court in passing upon appellant's motion for a new trial in his absence. The bill of exceptions is as follows: "Be it remembered: That on the 13th day of February, A. D. 1897, the defendant's motion for a new trial herein came on to be heard, and, being decided against him, his notice of appeal was then duly given in open court and entered; the defendant not being present, nor waiving his absence. That thereafter, to wit, on the 17th day of February, 1897, the defendant's counsel informed the court that he excepted to the judgment overruling the motion for a new trial, because the defendant was not present at the time and during the hearing of said motion, whereupon the court stated that said judgment could be set aside, and the motion set for rehearing, if desired, but counsel declined to answer, whereupon the court, of its own motion, set the 20th day of February, A. D. 1897, for said rehearing. That thereafter, to wit, on the 17th day of February, A. D. 1897, the court, of its own motion, in the absence of defendant, and without his or his attorney's consent, made and caused to be entered the following order, to wit: 'No. 2092. The State of Texas v. Juan Gonzales. It appearing to the court that the motion for a new trial in this cause was presented to and argued before the court in the absence of the defendant, it is therefore ordered that the judgment on said motion entered on the 13th day of February, 1897, be, and the same is hereby, set aside and held for naught, and said motion is now set for rehearing on Saturday, February 20, 1897, at 9 o'clock a. m.' That thereafter, to wit, on the said 20th day of February, A. D. 1897, the day and hour set for the rehearing of his said motion, the defendant, or by attorney, consenting not to said proceeding, declined to present his motion anew, for the reason that same had already been decided by the court in his absence without his own or his attorney's waiver or consent, and likewise the subsequent proceedings had for rehearing, and for the further reason that his notice of appeal then first given, and not withdrawn, deprived this court of further jurisdiction as a trial court in this cause, and any subsequent trial proceedings were a nullity. To which decision, order, ruling, and proceeding of the court, the defendant then excepted," etc. It appears therefrom that the court, on the matter being brought to its attention, that the motion for a new trial had been acted upon in the absence of appellant, set the order overruling said motion aside, and set the cause down for rehearing on the 20th of February. Appellant objected to this proceeding, and declined to present his motion anew for a new trial. It was not proper practice for the court to have entertained

the motion for a new trial in the absence of defendant, unless his presence was waived. See Gibson v. State, 3 Texas Crim. App., 437. In ordinary practice it frequently occurs that, there being no occasion for the presence of a defendant on motion for new trial, he is not present, and no objection is made on account of his absence. In this case it appears that the matter on the motion for a new trial was presented by appellant's attorney, and the court was warranted in believing that the presence of defendant was waived. However, from the bill of exceptions it seems that the attorney subsequently objected to the action of the court in overruling said motion in the absence of appellant. The court thereupon set aside his action in overruling said motion, and granted a rehearing, and set the same for the 20th of February. It was entirely competent for the court to do this. See Krautz v. State, 4 Texas Crim. App., 534. When the matter came up before the court on the 20th of February, the appellant then being present, he declined to present his motion again; claiming that it had been acted upon, and that the court had lost jurisdiction to entertain it on rehearing, and for the further reason that it would invalidate his notice of appeal given to the action of the court in overruling his motion in the first instance, which notice of appeal had not been withdrawn by him. The court had no power or authority to compel defendant to present his motion for a new trial, and, it not appearing that said motion was again acted on on the 20th of February, we will treat the motion which the court afforded him an opportunity of presenting as having been abandoned by him; and, in addition to this, he having declined to present the same; it will be considered that he expressly abandoned an insistence on his motion, and in such case the court acted properly in passing final sentence upon defendant. See Laird v. State, 15 Texas, 317.

The assignments of error relate principally to the action of the court with reference to matters presented in the above bill of exceptions, which we have already disposed of. The other assignments present nothing material. We have examined the record carefully. The indictment is in proper form; the facts of the case show a burglary by force, with intent to steal; and the charge of the court is correct; and there is nothing authorizing us to set aside the verdict of the jury, and the judgment is accordingly affirmed.

*Affirmed.*