# JANUARY 8, 1936

### EX PARTE WILL ALEXANDER.
### WILL ALEXANDER v. THE STATE.

Nos. 17919 and 18115.   Delivered January 8, 1936.

The opinion states the case.

*Victor Gleckler,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of chickens; the punishment, confinement in the penitentiary for two years.

No. 17,919, Ex parte Will Alexander, and No. 18,115, Will Alexander v. The State of Texas, present the same question, and said appeals are therefore consolidated.

Judgment of conviction was entered November 21, 1934, and sentence imposed the following day. On the 23rd day of November, 1934, within the time allowed by law, appellant filed a motion for a new trial, and on the following day the court entered an order setting aside and vacating the judgment of conviction. The case was again called for trial at the February term, 1935, at which time appellant filed a plea of former jeopardy. The trial court sustained the plea but entered an order which reads in part as follows: "It is further ordered by the court that the order heretofore entered by the court in this cause setting aside the conviction and sentence herein, be and the same is hereby set aside, vacated and annulled, and shall henceforth be held for naught and of no further force and effect. It is further ordered and adjudged by the court that the said defendant Will Alexander be remanded to jail to await transportation by the agent of the State or the sheriff of Travis County and by him conveyed and delivered to the superintendent of the State penitentiary; there to be received and confined in the manner and for the length of time provided for in said former conviction and sentence."

In Mathis v. State, 40 Texas Crim. Rep., 316, this court held that after granting a motion for a new trial the trial court was without power to again call the case up and set aside the order. We quote from the opinion as follows: "It would appear from these provisions of our Code that the action of the court on the motion ought to be regarded as final, and that the court would have no authority, after he had granted the motion for new trial, afterwards, on the same day or on some other day of the term, to again call the case up, set the order aside granting the motion, and overrule it, and then proceed to sentence the defendant."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.