**Husham E. AWADELKARIEM, Appellant,**

v.

**The STATE of Texas.**

No. 0570–97.

Court of Criminal Appeals of Texas, En Banc.

June 3, 1998.

John D. Nation, Dallas, for appellant.

Jeffrey L. Van Horn, Asst. State's Attorney, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and MANSFIELD, PRICE, HOLLAND and WOMACK, Judges, joined.

This case presents the question of whether a trial court has the power to rescind an order granting a new trial. Past cases have held that the trial court does not have that power. In its petition for discretionary review, the State contends that those cases should be overruled and that this Court should recognize a trial court's power to rescind the granting of a new trial. We agree.

### I.

Appellant pleaded not guilty to the indictment and waived his right to a jury trial. On December 21, 1994, after a bench trial, the trial court found appellant guilty of the charged offense. The case was passed for punishment. On March 20, 1995, the sentencing hearing was held, and the trial court assessed an eight-year probated term and a $1,000 fine. On the same day, the trial court granted appellant's motion for new trial. Later, however, the trial court crossed out the signature on the order granting the motion and added the notation, "No action taken on this order."

On April 18, the trial court conducted a hearing on the motion for new trial. At this hearing, the trial court explained that it had granted the motion for new trial pursuant to an agreement from appellant that appellant would plead guilty and receive deferred adjudication and that the trial court crossed out

the signature on its previous order because appellant had reneged on the agreement:

> I sentenced you to eight years regular probation. Thereafter, you and your attorney came before me the same day and asking me, if you changed your plea, whether or not I would consider giving you deferred. After some discussion, you presented me the motion for new trial and I did sign that on the condition that y'all were going to go before the magistrate's court and enter a plea of guilty, at which time I had gone ahead and okayed the fact that you would, I had authorized the magistrate to enter a plea of eight years deferred. . . . Thereafter, I understand y'all did not go before the magistrate. At that point I rescinded my order granting the motion for new trial. And that was the reason I rescinded. The only reason I granted or signed the motion that day was to facilitate you changing your plea and going to the magistrate and entering a plea of guilty, which you did not do. Therefore, I rescinded the order on the motion for new trial and let it stand in the same place as of the time I sentenced you to eight years probation.

Relying upon *Matthews v. State,* 40 Tex. Crim. 316, 50 S.W. 368 (1899) and subsequent authorities, the Court of Appeals held that the trial court did not possess the authority to rescind an order granting a motion for new trial. *Awadelkariem v. State,* No. 05–95–00779–CR, slip op. at 7 (Tex.App.—Dallas, April 4, 1997)(unpublished). The State contends that *Matthews* and its progeny should be overruled.

## II.

In *Matthews,* the trial court set aside an order granting a motion for new trial because the order "was made under a misapprehension of the evidence complained of." 50 S.W. at 368. This Court reversed, holding that the trial court had no authority to set aside its order. We explained that, although trial courts had such authority in civil cases, we could find no criminal case in which that rule

was adopted. *Id.* at 369. We cited statutes relating to the granting of a new trial and concluded that those statutes indicated that the granting of a new trial "ought to be regarded as final." *Id.*[1] We explained the theoretical difficulties in bringing a defendant before the court to reconsider the motion for new trial. *Id.* And we noted that many jurisdictions, including Oklahoma and California, had held that any action granting a new trial was final. *Id.* We also stated that we could find no authorities from other states that permitted a trial court to grant a new trial after a motion for new trial had been overruled. *Id.* We conceded that the power to grant a new trial after a motion for new trial had been overruled might imply the converse power to rescind the granting of a new trial. *Id.*

The cases that followed did not elaborate on *Matthews'* reasoning. In two old cases, we relied upon *Matthews,* without further comment, to overturn attempts to rescind the granting of a new trial. *Jones v. State,* 51 Tex.Crim. 3, 100 S.W. 150 (1907); *Ex Parte Alexander,* 129 Tex.Crim. 500, 89 S.W.2d 411 (1936). Then, in *English v. State,* 592 S.W.2d 949 (Tex.Crim.App.1980), we distinguished *Matthews* by holding that case to apply only to "judicial" errors rather than clerical errors. 592 S.W.2d at 955–956. In *English,* the order granting the motion for new trial was inadvertently signed by the trial judge. *Id.* at 955. We held that the trial court could set aside such an order made by mistake. *Id.* at 956. We overruled *Matthews* to the extent that it could be construed in conflict with our holding. *English,* 592 S.W.2d at 956. In passing, we also remarked that *Matthews* had not been followed recently and that the opinions following *Matthews* were terse and did not set out the underlying facts relating to the setting aside of the orders granting new trials. *Id.*

Subsequently, in *Ex Parte Drewery,* 677 S.W.2d 533 (Tex.Crim.App.1984), we addressed an attempt by a trial court to rescind a new trial more than three months after it

---

1. Included among the provisions cited was a provision concerning the effect of granting a motion for new trial: "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place." *Id.* We accorded no special significance to this provision apart from the other statutory provisions cited.

had been granted.[2] We relied upon *English* for the proposition that we have "long held that a trial court cannot rescind an order granting a new trial absent clerical errors." *Drewery*, 677 S.W.2d at 536. We emphasized language in then Article 40.08 of the Texas Code of Criminal Procedure "that the effect of the granting of a motion for new trial is to place the cause in the *same position as if no trial had ever taken place*" and stated that the statute nowhere authorizes a trial judge to rescind the granting of a motion for new trial. *Drewery*, 677 S.W.2d at 536 (emphasis in original).

We again made statements upholding the validity of the *Matthews* doctrine in *Moore v. State*, 749 S.W.2d 54 (Tex.Crim.App.1988). In that case, the trial court attempted to rescind an order granting a new trial due to insufficient evidence. *Id.* at 56. We cited *Drewery*, *English*, and *Matthews* for the proposition that "absent clerical errors, a trial court cannot rescind an order granting a new trial." *Moore*, 749 S.W.2d at 58. We also held, however, that the granting of a new trial in that case, on grounds of insufficient evidence, was the functional equivalent of an acquittal, causing the trial court's jurisdiction to lapse under double jeopardy principles. *Id.* at 58–59.

Several years later, the *Matthews'* doctrine came under fire in *Rodriguez v. State*, 852 S.W.2d 516 (Tex.Crim.App.1993). In *Rodriguez*, the trial court granted the defendant's mistrial motion during the middle of trial. *Id.* at 517. Subsequently, the trial court withdrew its order. *Id.* The Court of Appeals held that the trial court did not have the authority to rescind its order granting a mistrial because (1) a trial court's order granting a mistrial was functionally indistinguishable from an order granting a new trial, and (2) under *Matthews*, the trial court did not have the authority to rescind an order

granting a new trial. *Rodriguez*, 852 S.W.2d at 518. We disagreed with the Court of Appeals' assumption that mistrials and new trials were the same. *Id.* But, we also opined that, even if they were the same, *Matthews* did not prohibit the trial court's actions. *Rodriguez*, 852 S.W.2d at 518.

We criticized *Matthews* for failing to cite any authority in support of its holding. *Rodriguez*, 852 S.W.2d at 519. In addition, we remarked that *Matthews'* contention that the statutes relating to new trials required its holding was "far from obvious." *Rodriguez*, 852 S.W.2d at 519. We noted that much of the language in those statutory provisions had been carried over into our current rules of appellate procedure, but we explained that "nothing in this language even purports to address the trial court's authority or lack of authority to rescind an order granting a new trial." *Id.* at 519 n. 4.[3] We stated that *Moore*, *English*, and *Alexander* all failed to give any further rationale for the *Matthews* rule. *Rodriguez*, 852 S.W.2d at 519. And we specifically distinguished *Moore* as involving double jeopardy considerations. *Rodriguez*, 852 S.W.2d at 519. Finally, we criticized *Matthews* for being out of line with the majority of jurisdictions that have addressed the issue. *Rodriguez*, 852 S.W.2d at 519. We concluded that, "without a better explanation for why a trial court may not rescind an order granting a new trial," we would not extend, by analogy, *Matthews'* holding to the mistrial setting. *Rodriguez*, 852 S.W.2d at 519.

Subsequent to *Rodriguez*, we commented, in passing, that "absent clerical errors a trial court cannot alter orders granting a new trial outside the time of its plenary power" and that "any attempts to rescind" an order granting a new trial "based upon judicial reasoning" must fail. *State v. Bates*, 889

---

**2.** The new trial was granted on January 12, 1983, and the trial court attempted to rescind that order on May 5. *Id.* at 534. The trial court's reason for rescinding the order was that it did not have jurisdiction to grant the new trial. *Id.* We held that the trial court did in fact have jurisdiction. *See Id.* at 534–537.

**3.** Former Tex.R.App. P. 32 (1995), in effect at the time appellant was granted a new trial, provided:

> Granting a new trial restores the case to its position before the former trial including, at the option of either party, arraignment or pretrial proceedings initiated by that party. The prior conviction shall not be regarded as a presumption of guilt, nor shall it be alluded to in argument or in presence of jury.

This provision is now found at current Rule 21.9 with minor, nonsubstantive revisions.

S.W.2d 306, 309 (Tex.Crim.App.1994). This discussion in *Bates* was simply an illustration of a trial court's power to issue *nunc pro tunc* orders and did not relate in any way to a resolution of the issue in the case. *See id.* Moreover, *Bates* did not even mention *Rodriguez. See Id.*

### III.

We should not overrule precedent lightly. When conducting a reexamination of precedent, "we should take into account the interests underlying the rule of stare decisis: Often it is better to be consistent than right." *Malik v. State,* 953 S.W.2d 234, 236 (Tex. Crim.App.1997). Those interests have much less force, however, when the precedent itself fails to produce consistency. *Id.* When older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency in favor of the more soundly reasoned decision. *See Castillo v. State,* 913 S.W.2d 529, 533 (Tex.Crim.App.1995)(overruling *Caldwell v. State,* 818 S.W.2d 790 (Tex.Crim.App.1991) due to its conflict with *Garrett v. State,* 851 S.W.2d 853 (Tex.Crim.App.1993)). Although not nearly as important as consistency within the criminal system, the achievement of harmony between criminal and civil precedent may also be considered in determining what rule to fashion. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). And, in determining whether to retain or reject a particular rule of law, we may consider whether justifications proffered for the rule have been undercut with the passage of time. *See Malik,* 953 S.W.2d at 238 (justification for *Benson/Boozer* doctrine based upon federal constitutional jurisprudence undercut by the failure of any federal circuit to adopt the doctrine and the Fifth Circuit's specific repudiation of that doctrine as a rule of federal constitutional law).

From the beginning the *Matthews* rule has been a rule without much basis. The only clearly articulated justification for the rule (given in *Drewery,* although perhaps implicit in *Matthews* ) is that granting a new trial restores the case to its pretrial status and that, after such restoration, there is no conviction to reinstate. However, the language of the appellate rule concerning the effect of granting a new trial may simply be designed to inform the parties of the sequence of proceedings to follow and to prevent a jury from being influenced by knowledge of the prior proceedings. Several other jurisdictions with similar statutory language have taken this view. The Supreme Court of Indiana held that a statute of similar wording

> was intended as protection to the accused. By this provision, the legal presumption of innocence could not be overcome or weakened by the knowledge that there had been a verdict against him.

*Hefton v. State,* 206 Ind. 663, 190 N.E. 847, 849 (1934). Later in its opinion, that court recognized the power of a trial court to rescind an order granting a new trial so long as the court acts within the same term. *Id.* The Supreme Court of Kansas likewise held that such a provision did not prevent a trial court from rescinding an order granting a new trial:

> The purpose of the provision was, specifically, to forestall abatement of the second trial on a plea of former jeopardy, and generally, to render inoperative for any purpose anything done or occurring at the first trial. The provision has no reference to the power of the court during the term over the work of the term, *and contemplates those orders granting new trials which ultimately become final orders on the subject.*

State v. Luft, 104 Kan. 353, 179 P. 553, 555 (1919)(emphasis added).

We are mindful of the maxim that we presume the Legislature intends the same construction to continue to apply to a statute when the Legislature meets without overturning that construction. *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997). That maxim applies whether the construction at issue is a judicial decision or a judicially-promulgated rule. *Id.* (judicially promulgated Rule of Criminal Evidence 509 as a construction of statute repealing the Medical Practices Act as it applies to criminal cases). We also recognize that the rule concerning the effect of granting a new trial was a codified statute for a long time. But, pursuant to the Texas Constitution, the Legisla-

ture delegated most of its rule-making authority concerning appellate procedure in criminal cases to this Court. *Hardy*, at 518; Tex. Const., Art. 5, § 31; Tex. Gov't Code, § 22.108. Although our appellate rules may not "abridge, enlarge, or modify" a litigant's substantive rights, *see Hardy*, at 518 and § 22.108(a), we find that the finality of an order granting a new trial is a purely procedural question. Hence, this Court has free reign to create or revise a rule relating to that subject, and there is no presumed legislative intent to respect. Any construction of former Rule of Appellate Procedure 32 that concerns the finality of an order granting a new trial implicates the principle of stare decisis only as it relates to judicial rules; the more weighty concerns relating to statutory interpretation are not present.

The case at hand is a good example of the adverse consequences that can flow from the *Matthews* rule: the rule hampers the ability of the parties and the trial court to make plea arrangements. If the rule is upheld in this case, trial courts will be reluctant to consider post-judgment agreements, even where they seem appropriate, because such agreements could not be enforced. While the flexibility to revise a plea after judgment may not seem as significant as many other issues that arise in the criminal justice system, reducing that flexibility seems plainly unnecessary in the absence of any persuasive justification for according finality to the granting of a motion for new trial.

Stare decisis might nevertheless support an unnecessary rule where it has been consistently applied. But in the present case, several inconsistencies exist. First, the *Matthews* court conceded that the power to reconsider the overruling of a motion for new trial might also indicate a power to reconsider the granting of such a motion. But that court apparently overlooked *Gonzales v. State*, 38 Tex.Crim. 62, 41 S.W. 605 (1897), which held that a trial court possessed the power to set aside an order overruling a motion for new trial when the defendant complained about the order being decided in his absence. *Id.* at 605–606. Second, the rule is not applied in the mistrial setting, and in fact, we took the opportunity to harshly

criticize the application of the rule even in its original context. The logical implication of *Rodriguez* is that *Matthews* is no longer good law. While *Rodriguez* did leave open the possibility of maintaining the *Matthews* line of precedent (by distinguishing mistrials from new trials), it seriously undercut the desirability of doing so. Just as *Garrett* cast doubt on the continuing viability of *Caldwell*, so also *Rodriguez* cast doubt on the continuing viability of *Matthews*.

Moreover, the *Matthews* rule creates a split between criminal and civil jurisprudence without a good reason for doing so. Even in *Matthews*, we recognized that our holding diverged from civil practice. Further, the Texas Supreme Court has recently recognized that, under the Rules of Civil Procedure, a trial court may vacate the granting of a new trial so long as such action occurs within the 75 day period that a trial court has before a motion for new trial is overruled by operation of law. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993)(citing rule 329b(c) & (d)). According to the Supreme Court, such a rule was supported by practical justifications similar to that recognized by us today:

> Denying the trial court the authority to reconsider its own order for new trial during the 75–day period needlessly restricts the trial court, creates unnecessary litigation, and is inconsistent with the notion of inherent plenary power vested in the trial courts.

*Id.* Further, the rules regarding the time limits for new trial motions are very similar in both the criminal and civil systems. The civil rules provide:

> In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

Tex.R. Civ. P. 329b(c). The criminal provision is similar:

> (1) *Time to Rule.* The court shall determine a motion for new trial within 75 days

after date sentence is imposed or suspended in open court.

. . . .

(3) *Failure to Rule.* A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.

Former Tex.R.App. P. 31(e).[4] The only substantive difference between these rules is that the time period for civil cases runs from when the judgment is "signed" while the time period for criminal cases runs from when the judgment is "imposed or suspended in open court." *Compare* the two rules cited above. Likewise, the time periods for perfecting appeals (both with and without a pending motion for new trial) are identical in both the criminal and civil system except for the event from which those time periods run (signing of judgment versus imposition or suspension of sentence). *Compare* former Rule 41(a)(1)(now Rule 26.1) and former Rule 41(b)(1)(now Rule 26.2). We find the similarity in both sets of rules to be more than just a coincidence. While harmonizing criminal and civil jurisprudence may not have seemed very important when *Matthews* was decided, the similarity between today's criminal and civil rules relating to new trials argues for greater convergence in how motions for new trial are handled. The Supreme Court's position in *Fruehauf* carries persuasive weight concerning the issue at hand.

Finally, we point out that, when *Matthews* was decided, the weight of authority appeared to argue *against* a trial court's ability to rescind the granting of a new trial. This observation was made in the *Matthews* opinion. But, today the weight of authority appears to run in the other direction. Most jurisdictions addressing the issue expressly allow a trial court to rescind the granting of a new trial—at least if the trial court acts in a timely fashion. *See People v. Weller,* 679 P.2d 1077 (Colo.1984); *Britain v. State,* 533 So.2d 684 (Ala.Crim.App.1988); *Bowen v. State,* 239 Ga. 517, 238 S.E.2d 62 (1977);

*Hefton,* previously cited (Ind.)(vacating of order must occur within same term); *Luft,* previously cited (Kan.)(if order vacated within same term or trial court grants extension to reconsider order at another term); *Fine v. Commonwealth,* 312 Mass. 252, 44 N.E.2d 659 (1942); *People v. Beath,* 277 Mich. 473, 269 N.W. 238 (1936)(if order is vacated within a reasonable time); *People v. Cimino,* 163 A.D. 217, 147 N.Y.S. 1079 (2 Dept.1914); *State v. Larkin,* 111 Ohio App.3d 516, 676 N.E.2d 906 (1 Dist.1996); *Ussery v. State,* 758 P.2d 319 (Okla.Crim.App.1988)(if order is vacated within a reasonable time); *State v. Oren,* 160 Vt. 245, 627 A.2d 337 (1993); *United States v. Spiegel,* 604 F.2d 961 (5th Cir. 1979), *cert. denied,* 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980); *United States v. Arrington,* 757 F.2d 1484, 1486 (4th Cir. 1985). A couple of jurisdictions have expressly allowed a trial court to rescind a mistrial order and have indicated that the reasoning may apply to new trial orders also. *People v. Thompson,* 38 Ill.App.3d 101, 347 N.E.2d 481 (5 Dist.1976); *Christian v. State,* 309 Md. 114, 522 A.2d 945 (1987); *Alston v. State,* 92 Md.App. 117, 607 A.2d 72 (1992)(extending *Christian*'s holding with regard to mistrials to allow trial court to rescind an order granting a new trial, so long as that action occurs within the same term of court).

A few jurisdictions conclude that the trial court generally has no authority to rescind a motion for new trial that has been granted. The Delaware Supreme Court has held that the trial court has no such authority unless the new trial was ordered mistakenly or inadvertently. *State v. Naylor,* 28 Del. 99, 90 A. 880 (1913). California does not allow a trial court to reconsider the grant or denial of a motion for new trial. *Ex Parte Levi,* 39 Cal.2d 41, 244 P.2d 403, 405 n. 2 (1952). Florida generally does not permit a trial court to vacate an order granting a new trial but does permit such action if the order was obtained as a result of fraudulent misrepresentations to the trial court. *State v. Burton,* 314 So.2d 136, 137–138 (Fla.1975). Louisiana prohibits reconsideration of an order

4. The current provision is Rule 21.8, which is the same except for some minor, nonsubstantive changes.

granting a new trial that is "final" but allows the State to prevent such an order from becoming final by applying for a stay. *State v. Bullock*, 263 La. 946, 269 So.2d 824 (1972).

■ Hence, we conclude that the *Matthews* rule, having always rested on questionable foundations, is no longer viable, especially in light of our holding in *Rodriguez*. Nevertheless, our review of the issue, our appellate rules, the Texas Supreme Court's pronouncement, and the authority in other jurisdictions leads us to conclude that a time limitation must exist on the power to rescind a new trial order. The appellate rules give a trial court 75 days after judgment is imposed or suspended in open court to rule upon a motion for new trial. We hold that an order granting or denying a motion for new trial may be freely rescinded so long as such action occurs within the 75 days provided by the rules (i.e., current Rule 21.8(a) & (c)); to the extent that *Matthews* and its progeny were held to apply during this time period, they are overruled. However, after the 75 day period expires, an order granting or denying a new trial becomes "final," and *Matthews* and its progeny control.

■ In the present case, the trial court rescinded its order granting a new trial within the 75 day time period provided by the appellate rules. Hence, that court was acting within its power in doing so.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

MEYERS, J., files a concurring opinion in which BAIRD, J., joins.

OVERSTREET, J., dissents.

MEYERS, Judge, concurring.

I agree with the majority that a trial court may rescind its order granting a new trial. But while the majority gives numerous policy reasons in support of such action, they never explore what I view as the only important

legal question here—where does a trial court derive its authority to so act?

In *Garcia v. Dial*, 596 S.W.2d 524 (Tex. Crim.App.1980), we suggested a court's power to act must be authorized by a specific source: [1]

> Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity.

But this is surely too narrow a view as it would be seem to require that lawmakers contemplate every permissible action a trial court may take and specifically provide for it. We have since recognized that, in addition to express grants of power conferred by constitution, statute, or common law, courts have inherent and implied powers which provide a much broader foundation upon which to act. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991)(citing with favor *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex. 1979)). Implied authority arises from specific grants of power. *Id.* Inherent powers may be "call[ed] upon to aid in the exercise of jurisdiction, in the administration of justice, or in the preservation of its independence and integrity." *Id.*; *Eichelberger*, 582 S.W.2d at 398–99; *see also Matchett v. State*, 941 S.W.2d 922, 932–33 & fn. 11 (Tex.Crim.App.1996)(daily application of law to facts is duty and inherent power of judiciary).

The majority relies heavily on *Rodriguez v. State*, 852 S.W.2d 516 (Tex.Crim.App.1993), in support of holding that *Matthews* should be overruled. In doing so, they point to *Rodriguez'* express criticism of the rule in *Matthews*. The majority misses the more important assumption underlying the Court's holding in *Rodriguez*—that a court has inherent power to correct, modify, vacate, or amend its own rulings. In other words, so long as the court does not by its ruling divest itself of jurisdiction or exceed a statutory time table, it can simply change its mind on a

---

**1.** In *Garcia*, the trial court dismissed the indictment pursuant to the Speedy Trial Act, then later reinstated the cause. We held that upon the dismissal of the indictment, the trial court lost jurisdiction and thus had no authority to reinstate the cause, citing *Matthews v. State*, 40 Tex. Crim. 316, 50 S.W. 368 (1899), the case overruled by the majority today, and stating "[t]he reasoning of [Matthews] has equal application to the [case] before us[.]"

ruling. The ability to do so is a necessary function of an efficient judiciary. *See Eichelberger*, 582 S.W.2d at 398 & fn. 1 (citing dozens of cases where "Texas courts have recognized or utilized their inherent powers ... to change, set aside or otherwise control their judgments"). Certainly, if the trial court perceives it has made a mistake, it ought to be able to correct itself in an effort to avoid a potentially reversible error.

And this is the case regardless of whether a trial court has granted a motion for new trial or denied it. Nothing in the Court's holding should be taken as suggesting it is limited to a trial court's reconsideration of its *granting* of a new trial. The ability to reconsider its ruling is limited, however, by the court's retention of jurisdiction or statutory authority over the matter. As recognized by the majority, the court's authority to rescind its order expires upon the 75 days provided for by the rules. TEX.R.APP. PROC. 21.8 (trial court must rule on motion for new trial within 75 days after imposing or suspending sentence). In addition, a court's jurisdiction may, before the expiration of the 75 days, be severed by the filing of an appeal of one of the parties. Tex.R.App. Proc. 26.2 (defendant has 90 days to appeal; State has 15 days to perfect appeal). For instance, if the trial court grants a defendant's motion for new trial and the State timely appeals that order within 15 days, TEX.CODE CRIM. PROC. 44.01(a)(3), the trial court has lost its jurisdiction over the cause and has no authority to change its ruling.

With these comments, I concur.

BAIRD, J., joins.