Michael Thomas Russell v. The State of Texas










WITHDRAWN 1/3/2001





IN THE
TENTH COURT OF APPEALS
 

No. 10-00-152-CR

     MICHAEL THOMAS RUSSELL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 7
Dallas County, Texas
Trial Court # MA99-40287-H
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      Michael Russell has requested permission to amend his notice of appeal. He relies upon
the plain language of Rule 25.2(d) of the Texas Rules of Appellate Procedure as his authority
for his request. Rule 25.2, in its entirety, provides:
25.2. Criminal Cases
 
(a) Perfection of Appeal. In a criminal case, appeal is perfected by timely filing
a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice
of appeal.
 
            (b)  Form and Sufficiency of Notice.

                  (1)  Notice must be given in writing and filed with the trial court clerk.
 
                  (2)Notice is sufficient if it shows the party's desire to appeal from the
judgment or other appealable order, and, if the State is the appellant, the
notice complies with Code of Criminal Procedure article 44.01.
 
                  (3)But if the appeal is from a judgment rendered on the defendant's
plea of guilty or nolo contendere under Code of Criminal Procedure article
1.15, and the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, the notice
must:
                        (A)specify that the appeal is for a jurisdictional defect;
 
                        (B)specify that the substance of the appeal was raised by
written motion and ruled on before trial; or
 
                        (C)state that the trial court granted permission to appeal.
 
(c)Clerk's Duties. The trial court clerk must note on the copies of the notice of
appeal the case number and the date when the notice was filed. The clerk must then
immediately send one copy to the clerk of the appropriate court of appeals and one
copy to the State's attorney.
 
(d)Amending the Notice. An amended notice of appeal correcting a defect or
omission in an earlier filed notice may be filed in the appellate court at any time
before the appellant's brief is filed. The amended notice is subject to being struck for
cause on the motion of any party affected by the amended notice. After the
appellant's brief is filed, the notice may be amended only on leave of the appellate
court and on such terms as the court may prescribe.
 
(e)Effect of Appeal. Once the record has been filed in the appellate court, all
further proceedings in the trial court—except as provided otherwise by law or by these
rules—will be suspended until the trial court receives the appellate-court mandate.

Tex. R. App. P. 25.2.
      Rather than follow the plain language of this Rule, the majority denies Russell’s request to
amend his notice and dismisses his appeal for want of jurisdiction on the basis of the Court of
Criminal Appeals’ decision in State v. Riewe, 13 S.W.3d 408 (Tex. Crim. App. 2000). I
disagree with the majority’s reliance on Riewe because I have concluded that it does not apply
to a defendant’s attempt to amend his notice of appeal under Rule 25.2(d). See id.; Tex. R.
App. P. 25.2(d).
      Riewe involves a State’s appeal under article 44.01 of the Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 44.01 (Vernon Supp. Pamph. 2000); Riewe, 13 S.W.3d at
409. The time limit for the State’s notice of appeal is established by the statutory provisions
that confer the right to appeal on the State. Tex. Code Crim. Proc. Ann. art. 44.01(d); State
v. Muller, 829 S.W.2d 805 (Tex. Crim. App. 1992). In my view, the decision that the Rules
of Appellate Procedure may not be used to modify the statutory time limit imposed on the State
when it seeks to appeal a trial court’s ruling has nothing to do with the question of whether
those Rules may be used to allow a defendant to amend a notice of appeal whose contents and
time requirements are set by those same Rules.


 Tex. R. App. P. 25.2, 26.2. To the extent
Riewe may discuss whether a defendant may amend his notice of appeal, that discussion is
dicta. See Lester v. First American Bank, 866 S.W.2d 361, 363 (Tex. App.—Waco 1993, writ
denied).
      Furthermore, the result that the majority reaches is counter to the goal of judicial
efficiency. Rather than disposing of Russell’s appeal in one case, this decision ensures that it
will take three proceedings and four courts to do so. This appeal is the first. In the second
proceeding, Russell will succeed on his habeas corpus application seeking an out-of-time
appeal, which first must be filed in the trial court and then in the Court of Criminal Appeals. 
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2000); see Ex parte Axel, 757
S.W.2d 369 (Tex. Crim. App. 1988). His successful habeas corpus application will result in
the filing of the third proceeding, the actual out-of-time appeal, in all probability in the Dallas
Court of Appeals.
      We could avoid this litigation-multiplying effect by harmonizing the application of the
Rules of Appellate Procedure in civil and criminal proceedings. In other contexts, the Court of
Criminal Appeals has specifically looked to civil cases for guidance on appellate matters. See,
e.g., Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (“Adoption of this complete
standard allows us to remain true to one of the stated goals of Clewis, harmonization, when
appropriate, of civil and criminal jurisprudence, and it recognizes the State's burden at a
criminal trial is proof beyond a reasonable doubt.”) (referring to Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996)); Awadelkariem v. State, 974 S.W.2d 721, 726-27 (Tex.
Crim. App. 1998). Under the Texas Supreme Court’s interpretation of the Texas Rules of
Appellate Procedure, an appellant’s bona fide attempt to invoke the jurisdiction of the court of
appeals is sufficient to establish the appellate court’s jurisdiction over the cause. Verburgt v.
Dorner, 959 S.W.2d 615, 616 (Tex. 1997); Linwood v. NCNB Texas, 885 S.W.2d 102, 103
(Tex. 1994). The same reasoning should be applied in criminal appeals.
      Here, Russell filed a general notice of appeal. He has requested leave to file an amended
notice of appeal. Even though his request comes after he has filed his brief, we are still
authorized to allow him the opportunity to amend his notice of appeal. Tex. R. App. P.
25.2(d) (“After the appellant's brief is filed, the notice may be amended only on leave of the
appellate court and on such terms as the court may prescribe.”). We should exercise our
authority under Rule 25.2(d) and grant Russell’s request for leave to amend his notice.
            Rule 25.2(d) was adopted less than two years ago. Id. It appropriately restored the
authority of a court of appeals to allow a defendant time to correct an otherwise timely notice
of appeal.


 We should follow the Rules of Appellate Procedure in this case, not Riewe, and
allow Russell the opportunity to amend his notice of appeal. The majority’s application of
Riewe to a defendant’s appeal “creates a split between criminal and civil jurisprudence without
a good reason for doing so.” Awadelkariem, 974 S.W.2d at 726. In fact, this result flies in
the face of a rule which, in the natural application of its plain language, would allow for the
harmonization of the two procedures and which has effectively restored the authority of the
court of appeals to allow a notice of appeal to be corrected after the expiration of the time for
filing the notice. Tex. R. App. P. 25.2(d). Because the majority takes this unwise course
under the authority of an inapplicable opinion, I respectfully dissent.
 
                                                                                 BILL VANCE
                                                                                 Justice

Dissenting opinion delivered and filed November 8, 2000
Publish