No. 04-00-00654-CR



Brian YBARRA,


Appellant



v.



 The STATE of Texas,


Appellee



From the County Court at Law No. 9, Bexar County, Texas


Trial Court No. 741382


Honorable Wayne Christian, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: July 25, 2001


AFFIRMED

 Brian Ybarra pled no contest to the misdemeanor offense of burglary of a vehicle. Ybarra
received two years deferred adjudication, a fine of $350, and fifty hours of community service.
Ybarra violated the terms of his deferred adjudication by committing the offense of robbery and the
State entered a motion to revoke. The trial court granted the State's motion and sentenced Ybarra
to one year in the Bexar County Jail and ordered the sentence to run "day for day." The trial court
then issued an Order vacating the requirement that Ybarra's sentence be served "day for day." 

 Ybarra appeals in two points of error. He claims the trial court was without jurisdiction to
order a "day for day" sentence, and without authority to deny him credit for time already served. We
affirm because the "day for day" sentence was vacated thereby remedying the error, and because
Ybarra served no time in this particular cause for which credit could be given.

 The State argues initially that we do not have jurisdiction to consider Ybarra's appeal because
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2000) does not allow it. See also
Tex. R. App. P. 25.2(b)(3) (specifying the requirements for an appeal when a defendant pleads guilty
or nolo contendere and the punishment does not exceed the punishment recommended by the
prosecutor). However, Ybarra's complaints do not challenge his conviction, they challenge the
process by which he was sentenced. See Vidaurri v. State, No. 151-99, 2001 WL 687375, at *4
(Tex. Crim. App. 2001). Therefore, we do have jurisdiction to consider Ybarra's points of error. 

 Ybarra's first point of error contends the trial court was without jurisdiction to order a "day
for day" sentence. We find no error because this issue has been corrected by the trial court and is
therefore moot. A trial court has the authority to alter orders within the time frame of its plenary
power. See Awadelkariem v. State, 974 S.W.2d 721, 726-28 (Tex. Crim. App. 1998) (explaining the
authority of the trial court to vacate the granting of a new trial or other ruling within the court's
plenary power). In the instant case, the trial court had not exceeded its statutory timetable and was
within its authority to vacate the "day for day" sentence. Therefore, we overrule Ybarra's first point
of error.

 Ybarra complains in his second point of error that the court should have granted him credit
for time already served. However, he can only receive credit for time he served in the cause for
which he was convicted. See Tex. Code Crim. Proc. art. 42.03 § 2(a) (Vernon Supp. 2001).
According to the record, Ybarra did serve time for the offense of felony robbery. However, this was
the offense for which Ybarra's deferred adjudication was revoked, not that for which he was granted
deferred adjudication. Ybarra's deferred adjudication was based on the misdemeanor offense of
burglary of a vehicle and this is the cause for which he was convicted. Ybarra never served any time
for the offense of burglary of a vehicle. Therefore, there has been no time served for which to grant
Ybarra credit. We overrule Ybarra's second point of error. 

 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH