NUMBER 13-04-587-CR
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG


_______________________________________________________ 

GUADALUPE RODEA, JR.,                                                 Appellant,
 
v.
 
THE STATE OF TEXAS,                                                      Appellee.
_________________________________________________________ 
 
On appeal from the County Court at Law No. 5
of Hidalgo County, Texas
_______________________________________________________ 

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion Per Curiam

         A jury convicted appellant, Guadalupe Rodea, Jr., of the misdemeanor offense
of official oppression. By judgment entered on September 22, 2004, the trial court
sentenced appellant to one year of confinement and a $1,500 fine.


 The trial court
suspended sentence and placed appellant on a two-year term of community
supervision. We dismiss the appeal for lack of jurisdiction. 
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         On September 23, 2004, appellant filed a motion for new trial, a notice of
appeal, and a motion to appoint an appellate attorney. On October 12, 2004, the trial
court entered an order on appellant’s motion for new trial. This order provided that 
On this the 12th day of Oct, 2004, came to be heard defendant’s Motion
for New Trial, and it appears to the Court that this motion should be: 
 
GRANTED/DENIED. 
 
IT IS THEREFORE ORDERED that a new trial be conducted in the above-entitled and numbered cause.

This order was signed by the presiding judge; however neither “GRANTED” nor
“DENIED” was circled or struck through. That same day, the trial court also entered
an order granting appellant’s motion for a court-appointed attorney.
         On November 30, 2004, the Clerk of this Court informed appellant’s attorney
and the parties that the record showed that appellant’s motion for new trial had been
granted and notifying the parties that the appeal was subject to dismissal for want of
jurisdiction. According to subsequent documentation furnished by the parties, on
December 21, 2004, the State filed a motion for clarification with the trial court on
grounds that neither “granted” nor “denied” were marked on the order granting a new
trial. On December 22, 2004, the trial court issued an order on the motion to clarify
stating that the motion for new trial was denied. 
         A motion for new trial must be filed within thirty days after the date sentence
is imposed in open court. See Tex. R. App. P. 21.4. The rules of appellate procedure
give a trial court seventy-five days after sentence is imposed to rule upon a motion for
new trial. See id. 21.8(a); Awadelkariem v. State, 974 S.W.2d 721, 727 (Tex. Crim.
App. 1998). Moreover, a trial court may freely rescind its order granting or denying a
motion for new trial as long as that action is taken within the seventy-five day period
provided by the rules. See Awadelkariem, 974 S.W.2d at 727. However, once that
seventy-five day period passes, the order granting or denying a new trial becomes final
and the trial court may not rescind it. See id. 
         In the instant case, the seventy-five days passed on December 7, 2004. 
Nothing in the record reflects the trial court rescinded the order granting the motion
for new trial before the seventy-fifth day after sentence was imposed. Accordingly,
the trial court’s order denying appellant’s motion for new trial was not entered in
within the trial court’s plenary jurisdiction. Id.
         The State has not presented the Court with information showing the trial court's
order granting the motion for new trial was timely rescinded or that it was mistakenly
signed. See, e.g., Smith v. State, 15 S.W.3d 294, 299 (Tex. App.-Dallas 2000, no
pet.). Although the trial court’s order granting appellant a court-appointed attorney
arguably supports the notion that the court intended to deny the motion for new trial,
the fact that the trial court failed to enter a certification of the right to appeal would
argue otherwise. Thus, we must conclude the trial court granted appellant's motion
for new trial and the order is now final. See Awadelkariem, 974 S.W.2d at 727.
         When the trial court grants a motion for new trial, it restores the case to its
position before the former trial. Tex. R. App. P. 21.9. Because there is no sentence
to be appealed, we have no jurisdiction to consider appellant's appeal. See Waller v.
State, 931 S.W.2d 640, 643-44 (Tex. App.–Dallas 1996, no pet.). Accordingly, the
appeal is DISMISSED FOR WANT OF JURISDICTION.
 
                                                                        PER CURIAM

Do not publish. Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed
this 14th day of April, 2005.