IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0359-06






THE STATE OF TEXAS



v.



BILLY MOORE, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Keller, P.J., filed a concurring opinion in which HERVEY, J., joined.





 The Court advances the curious proposition that a trial court lacks authority to consider an
untimely amended motion for new trial if the State objects. The appellate rule does not say that the
trial court's authority is contingent on the presence or absence of an objection. The rule simply
provides that a motion for new trial may be amended within the thirty-day period. That means that
the trial court has no authority to consider an untimely amendment, regardless of whether or not an
objection to the amendment was made. The absence of an objection does not invest a court with
authority; it simply means that the State forfeits any complaint about the matter. 

 In this case, the State did not object to the timeliness of the defendant's amended motion until
after the elapse of the seventy-five day period for ruling upon motions for new trial. At that point,
it was too late for the trial court to act upon the State's motion for reconsideration because the court
had lost jurisdiction of the case. (1) In Davis v. State, we recognized that we had sometimes in the past
conflated "authority" with "jurisdiction," and we sought to clarify and distinguish those concepts. (2) 
The Court's opinion relies upon those past cases and again conflates the two concepts.

 With these comments, I concur in the Court's judgment.

Filed: June 7, 2007

Publish 




 
1. See Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998)("after the 75
day period expires, an order granting or denying a new trial becomes 'final'"). Saying that the
trial court's disposition of the new trial motion became "final" is tantamount to saying the trial
court lost jurisdiction of the matter. State v. Patrick, 86 S.W.3d 592, 596 (Tex. Crim. App.
2002)(discussing Awadelkariem). 
2. 956 S.W.2d 555, 558-559 (Tex. Crim. App. 1997).