

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00417-CR

| | | |
|---|---|---|
| Ex parte Larry Gene Cross | § | From County Criminal Court No. 7 |
| | § | of Tarrant County (1194614) |
| | § | February 28, 2013 |
| | § | Per Curiam |
| | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed and this case is remanded to the trial court for a new trial or for further proceedings consistent with this opinion.

SECOND DISTRICT COURT OF APPEALS


PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00417-CR

EX PARTE

LARRY GENE CROSS

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Larry Gene Cross was convicted of driving while intoxicated and was assessed punishment of $400 fine and ninety days' confinement on March 23, 2011. The trial court suspended imposition of the sentence and placed Cross on community supervision for twelve months. Cross timely filed a motion for new trial on April 21, 2011. The trial court signed an order granting Cross's motion for

---

[1]*See* Tex. R. App. P. 47.4.

new trial on May 25, 2011, but on August 10, 2011, the trial court set aside the order granting a new trial. At a hearing on October 5, 2011, the trial court stated that it had granted the motion for new trial "in error" and was rescinding and setting aside the order granting new trial.[2]

On April 21, 2012, Cross filed an application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Cross claimed that the trial court lacked authority to rescind its order granting a new trial because it did so after its plenary power had expired, more than seventy-five days after it had placed Cross on community supervision. *See* Tex. R. App. P. 21.8(a) ("The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court."). The trial court denied Cross's application for a writ of habeas corpus by written order and adopted the State's amended proposed memorandum, findings of fact, and conclusions of law. Cross now appeals the denial of his application for a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8; Tex. R. App. P. 31.1–.7.

Within seventy-five days following imposing or suspending sentence in open court, an order granting a motion for new trial can be freely revisited and set aside, but after the seventy-five-day period has expired, an order granting a motion for new trial can be set aside only if it was inadvertently signed as a result of clerical error. *Stepan v. State*, 244 S.W.3d 642, 643–46 (Tex. App.—Austin

---

[2]The trial court also stated on the record that Cross was first notified of the court's rescindment of its order granting a new trial on the day of the hearing, October 5, 2011.

2008, no pet.); *see Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). A clerical error does not result from judicial reasoning. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); *see also English v. State*, 592 S.W.2d 949, 955–56 (Tex. Crim. App.) (reasoning that trial court's grant of a motion for new trial when it was not aware that it was doing so was akin to clerical error), *cert. denied*, 449 U.S. 891 (1980).

Here, because the trial court rescinded its order granting a new trial outside of the seventy-five-day timeframe, it could only do so to correct a clerical error. *See Awadelkariem*, 974 S.W.2d at 728; *Stepan*, 244 S.W.3d at 643–46. The record on appeal originally did not reflect whether the trial court's granting Cross a new trial was based on a clerical or a judicial error, so we abated this case and remanded to the trial court for additional findings and conclusions.[3] After an abatement hearing, the trial court adopted the parties' joint proposed findings of fact, which show the following. After Cross was convicted of driving while intoxicated, his attorney presented his motion for new trial to the presiding judge who was not familiar with the case because a visiting judge had presided over Cross's trial. The presiding judge "thought that Cross's case was a case where he pled guilty and received probation"; in the presiding judge's experience, "sometimes defendants who have pled guilty and received probation change their

---

[3]The findings and conclusions that the trial court adopted when it denied Cross's application for a writ of habeas corpus state that the court granted a new trial "based on a misunderstanding from the applicant's counsel"; they do not state what that "misunderstanding" was or otherwise give insight into the trial court's reason for setting aside the order granting new trial.

3

mind and decide instead to serve jail time," in which case, motions for new trial are "routinely granted with a notation to re-plead the case for jail time." The presiding judge decided to grant the motion for new trial "in the late afternoon rush with multiple people in chambers"; she "does not remember if [Cross's attorney] stated the reason Cross wanted a new trial." The judge's decision to sign the order granting Cross a new trial was based on a miscommunication between her and Cross's attorney; she was aware that she was granting a new trial and made a conscious decision to do so.

These findings show that the trial judge's granting Cross a new trial was not the result of a clerical error; she decided to grant a new trial, upon defense counsel's request, because she thought Cross no longer wanted community supervision. But because the trial court rescinded its order granting a new trial more than seventy-five days after placing Cross on community supervision, the trial court did not have the power to do so.[4] *See Awadelkariem*, 974 S.W.2d at 728; *Stepan*, 244 S.W.3d at 643–46; *see also* Tex. R. App. P. 21.8(a). We reverse the trial court's August 10, 2012 judgment denying Cross's application for a writ of habeas corpus and remand the case for a new trial or further

---

[4]The clerk's record does not contain a written order setting aside the order granting a new trial, but the docket sheet includes the following entries: on August 10, 2011, "Order for New Trial set aside. Case set for a hearing"; and on October 6, 2011, "Order to vacate Judgment rescinded. Original sentencing stands." In our abatement order, we questioned whether a written order was required to rescind the order granting a new trial, *see* Tex. R. App. P. 21.8(b) (requiring a written order to grant a motion for new trial; a docket entry does not suffice), but because we decide that the trial court lacked the power to do so in any event, we need not address this issue.

proceedings consistent with this memorandum opinion. *See* Tex. R. App. P. 31.3.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 28, 2013