

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-1280-11

---

### LEMUEL CARL BURT, Appellant

**v.**

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

---

**KELLER, P.J., filed a dissenting opinion.**

The trial judge told the parties on the record that if they agreed on the amount of restitution, there would be no need for a hearing, but if they could not agree, a hearing would be held:

> We don't need to have a hearing on it as far as an evidentiary hearing, but if y'all can't come up with an agreed figure, then we will have to have a hearing on it at some point in the future, okay? And the sooner, the better.

There are two points to be made here. First, no hearing was held, so—given the trial court's instructions—it is reasonable to conclude that the parties did reach an agreement about restitution. A restitution order was entered the next day, which was the day the judgment was signed. Is it really conceivable that, after the above comment, the judge entered a restitution order without believing that the parties had reached an agreement?

Second, there was no objection to the restitution order. The Court contends that appellant had no opportunity to object, but I must disagree. If the parties did not agree to the amount of restitution in the restitution order, then a motion for new trial would be the appropriate method to adduce that fact.

The Court contends that appellant could not have raised a complaint about restitution in a motion for new trial because appellant's motion for new trial was filed and denied before the restitution order was entered.[1] Assuming *arguendo* that the record supports the Court's assertion regarding the timing of events, appellant could have asked the trial judge to rescind his order denying the motion for new trial. "[A]n order granting or denying a motion for new trial may be freely rescinded so long as such action occurs within the 75 days provided by the rules."[2] If the trial judge rescinded the order, then appellant could have filed an amended motion for new trial.[3] And if the judge did not rescind the order, appellant's complaint about the restitution order would appear plainly in the record on appeal.

I respectfully dissent.

Filed: April 17, 2013
Publish

---

[1] TEX. R. APP. P. 21.4 ("Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.").

[2] *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). *See also In re Brookshire Grocery Company*, 250 S.W.3d 66, (Tex. 2008) ("Our holding today does not preclude a party whose motion for new trial has been overruled from continuing to seek a new trial while the trial court is still empowered to act. . . . thus, the losing party may ask the trial court to reconsider its order denying a new trial—or the court may grant a new trial on its own initiative—so long as the court issues an order granting a new trial within its period of plenary power").

[3] *See* this opinion, footnote 1. In any event, the State can forfeit a complaint that an amendment to the motion for new trial is unauthorized, and if such a forfeiture occurs, the trial judge has the power to grant relief on the amended motion. *Clarke v. State*, 270 S.W.3d 573, 580-81 (Tex. Crim. App. 2008); *Moore v. State*, 225 S.W.3d 556, 568-69 (Tex. Crim. App. 2007).