IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1280-11





LEMUEL CARL BURT, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keller, P.J., filed a dissenting opinion.


 The trial judge told the parties on the record that if they agreed on the amount of restitution,
there would be no need for a hearing, but if they could not agree, a hearing would be held:

We don't need to have a hearing on it as far as an evidentiary hearing, but if y'all
can't come up with an agreed figure, then we will have to have a hearing on it at
some point in the future, okay? And the sooner, the better.


There are two points to be made here. First, no hearing was held, so--given the trial court's
instructions--it is reasonable to conclude that the parties did reach an agreement about restitution. 
A restitution order was entered the next day, which was the day the judgment was signed. Is it really
conceivable that, after the above comment, the judge entered a restitution order without believing
that the parties had reached an agreement? 

 Second, there was no objection to the restitution order. The Court contends that appellant
had no opportunity to object, but I must disagree. If the parties did not agree to the amount of
restitution in the restitution order, then a motion for new trial would be the appropriate method to
adduce that fact.

 The Court contends that appellant could not have raised a complaint about restitution in a
motion for new trial because appellant's motion for new trial was filed and denied before the
restitution order was entered. (1) Assuming arguendo that the record supports the Court's assertion
regarding the timing of events, appellant could have asked the trial judge to rescind his order denying
the motion for new trial. "[A]n order granting or denying a motion for new trial may be freely
rescinded so long as such action occurs within the 75 days provided by the rules." (2) If the trial judge
rescinded the order, then appellant could have filed an amended motion for new trial. (3) And if the
judge did not rescind the order, appellant's complaint about the restitution order would appear
plainly in the record on appeal.

 I respectfully dissent.

Filed: April 17, 2013

Publish
1. Tex. R. App. P. 21.4 (
"Within 30 days after the date when the trial court imposes or
suspends sentence in open court but before the court overrules any preceding motion for new trial,
a defendant may, without leave of court, file one or more amended motions for new trial.").
2. Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). See also In re
Brookshire Grocery Company, 250 S.W.3d 66, (Tex. 2008) ("Our holding today does not preclude
a party whose motion for new trial has been overruled from continuing to seek a new trial while the
trial court is still empowered to act. . . . thus, the losing party may ask the trial court to reconsider
its order denying a new trial--or the court may grant a new trial on its own initiative--so long as the
court issues an order granting a new trial within its period of plenary power"). 
3. See this opinion, footnote 1. In any event, the State can forfeit a complaint that an
amendment to the motion for new trial is unauthorized, and if such a forfeiture occurs, the trial judge
has the power to grant relief on the amended motion. Clarke v. State, 270 S.W.3d 573, 580-81 (Tex.
Crim. App. 2008); Moore v. State, 225 S.W.3d 556, 568-69 (Tex. Crim. App. 2007).