**Order entered September 20, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00416-CR

### THE STATE OF TEXAS, Appellant

### V.

### ELIZABETH HOSKINS, Appellee

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB07-20056-M**

## ORDER

The State is appealing the trial court's order granting appellee's motion for new trial. Although the reporter's record from the new trial hearing and the trial court's written findings of fact and conclusions of law reflect the trial court granted the motion for new hearing on February 26, 2013, the trial court's written order granting the motion for new trial is dated January 26, 2013. Therefore, it appears the date on the motion for new trial order is wrong, but that it is a clerical error that may be corrected by an order nunc pro tunc. *See Awadelkariem v. State*, 974 S.W.2d 721, 724–25 (Tex. Crim. App. 1998) (citing *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)). Because the date on which the appealable order governs the timeliness of the State's notice of appeal, we conclude the error is one that should be corrected.

Accordingly, we **ORDER** the trial court to enter an order nunc pro tunc correcting the date on which appellee's motion for new trial was granted.

Moreover, appellant states in its brief that the clerk's record does not contain appellee's amended motion for new trial, which was filed on January 14, 2013, and that the Dallas County District Clerk has stated it does not have a copy of the amended motion. The State asserts a copy of the amended motion for new trial was admitted into evidence at the new trial hearing, but that copy does not bear the file-stamped date. Although the State does not dispute that the amended motion for new trial was filed on January 14, 2013, a copy of the motion should be included in the clerk's record.

Accordingly, we **ORDER** the trial court to determine whether the record can be supplemented with a file-stamped copy of the January 14, 2013 amended motion for new trial. If the trial court finds that the Dallas County District Clerk cannot produce a file-stamped copy of the January 14, 2013 amended motion for new trial, the trial court shall determine what constitutes an accurate copy of the amended motion for new trial and order that it be included in the clerk's record. *See* Tex. R. App. P. 34.5(e).

We **ORDER** the trial court to file, within **THIRTY DAYS** of the date of this order, a supplemental record containing: (1) it's order nunc pro tunc correcting the date the order granting the motion for new trial was signed; (2) it's written findings of fact regarding appellee's amended motion for new trial; and (3) either a copy of the originally filed amended motion for new trial or the substituted copy.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Jeffrey Rosenfield, Presiding Judge, County Criminal Court of Appeals No. 2; Gary

Fitzsimmons, Dallas County District Clerk; Dallas County District Clerk's Office, Criminal Records Division; and counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal will be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.


/s/      DAVID EVANS
         JUSTICE