Opinion issued December 4, 2008









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00517-CR

NO. 01-07-00535-CR






FRANKLIN DAVID MOTLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court

Chambers County, Texas

Trial Court Cause Nos. 13773 & 13873






MEMORANDUM OPINION


 A jury convicted appellant, Franklin David Motley, on each of two charges (1) of
aggravated sexual assault of a child. (2) The trial court assessed punishment at two 25-year sentences to run concurrently. In five issues, appellant argues that the evidence
presented at trial is legally and factually insufficient to sustain each of his two
convictions and that the trial court erred in reversing its ruling to grant appellant's
motion for new trial. 

 We affirm.

Background

 Appellant and his wife, Marellyn Motley, grandparents to the two complainants
and their older brother, kept their three grandsons at appellant's residence over the
period of September 2 through September 4, 2005. The two complainants--one 10-year-old grandson, using the pseudonym "Jack Doe" and one 8-year-old grandson,
using the pseudonym "Billy Doe"--were in appellant's television room on Saturday,
September 3, 2005. Jack was watching television and Billy was either sleeping or
watching television. Appellant silently entered the television room and undressed the
complainants. Appellant then turned Jack on his stomach and at least twice digitally
penetrated Jack's anus while Billy watched. Appellant then undressed Billy, turned
Billy on his stomach and at least once digitally penetrated Billy's anus. After
appellant completed the assaults, he threatened to kill the two complainants if the
complainants told anyone about the sexual assault. Billy began to cry. Appellant
then left the television room. Jack and Billy dressed themselves and continued
watching television.

 Jack began to bleed from his anus after the assault. Marellyn Motley cleaned
Jack and called the complainants' mother to arrange for the grandchildren to stay at
appellant's residence for an additional night. The complainants' mother was not
apprised of Jack's anal bleeding during the phone call Motley initiated to her. The
complainants returned home on Sunday, September 4, 2005.

 Two days after the complainants returned home from appellant's residence,
Jack began to bleed again from his anus. Assuming that the bleeding was due to
Jack's chronic constipation, the complainants' parents gave no serious notice to the
injury. However, after the complainants returned home from an evacuation due to
Hurricane Rita in early October 2005, the complainants' mother explicitly asked the
complainants whether they had been sexually assaulted. The complainants explained
that appellant had sexually assaulted them. The complainants' mother then contacted
the Chambers County Sheriff's Department and spoke with investigator David
Rabalais.

 On Rabalais' direction, the complainants gave interviews to Garth House, a
clearinghouse for interviews of child sexual assault victims. Both complainants also
had forensic exams performed by Nurse Brenda Garison who found that both
complainants bore injuries consistent with anal penetration trauma. After the
complainants completed the interviews and forensic exams, Rabalais arrested
appellant at appellant's home.

Legal Sufficiency

 In his first and third issues, appellant argues that the evidence presented at trial
was legally insufficient to sustain each of his two convictions. 

 Standard of Review

 To review the legal sufficiency of the evidence, we must view the evidence in
the light most favorable to the verdict and then determine whether a rational juror
could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 320-21, 99 S. Ct. 2781, 2790 (1979); King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 

 Analysis

 A person commits aggravated sexual assault of a child when he intentionally
or knowingly causes the penetration of the anus of a child by any means. Tex. Penal
Code Ann. § 22.021(a)(1)(B)(i) (Vernon Supp. 2008). A child-complainant's
testimony, without additional evidence, that the defendant digitally penetrated the
complainant's anus is legally sufficient to support a rational juror's finding that the
defendant is culpable of the offense. Ozuna v. State, 199 S.W.3d 601, 609 (Tex.
App.--Corpus Christi, 2006, no pet.) (citing Garcia v. State, 563 S.W.2d 925, 928
(Tex. Crim. App. 1978)).

 Issue One-Cause No. 13773

 Appellant argues that the evidence presented at trial was legally insufficient to
sustain his conviction for aggravated sexual assault of a child identified as Trial
Cause number 13773. Here Jack testified that appellant touched complainant on "my
butt and my penis." The complainant testified that appellant inserted his finger inside
his anus after appellant undressed the complainant and told complainant to lie face
down on the couch in the television room of appellant's residence. The complainant
also testified that Billy watched as appellant sexually assaulted the complainant.

 The State also presented testimony from the complainant's mother. The
complainant's mother testified that Jack had blood in his stool after he returned home
from his visit to appellant's residence. The complainant's mother also testified that
Jack later told her that appellant had sexually assaulted him. The State presented the
testimony of the complainant's father to confirm that Jack had blood in his stool after
returning home from visiting appellant's residence. The State presented testimony
from Nurse Brenda Garison, a nurse specialist in forensic examinations of sexual
assault victims. Garison testified that, after she examined Jack, she determined that
the scars and abrasions present in the complainant's anus were consistent with
penetration trauma. This evidence is legally sufficient to sustain appellant's
conviction for the aggravated sexual assault in cause number 13773.

 We overrule appellant's first issue in cause number 13773.

 Issue Three-Cause No. 13873

 Appellant argues that the evidence presented at trial was legally insufficient to
sustain his conviction for aggravated sexual assault of a child identified in cause
number 13873. Here Billy testified that appellant digitally penetrated his anus. The
complainant also testified that he told his mother about the assault and that he was
afraid to identify appellant in court.

 The State also presented testimony from the complainant's mother. The
complainant's mother testified that Billy told her that appellant touched Billy's
"private areas." The State also presented Nurse Garison to testify about her
examination with Billy. Garison testified that, while examining Billy, she detected
"uneven skin folds" in the anus consistent with penetration trauma. This evidence is
legally sufficient to sustain appellant's conviction for the aggravated sexual assault
in cause number 13873.

 We overrule appellant's third issue in cause number 13873.

Factual Sufficiency

 In his second and fourth issues, appellant argues that the evidence presented
at trial was factually insufficient to sustain each of his two convictions.


 Standard of Review

 Factual sufficiency analysis involves three basic ground rules. Lancon v. State, 
253 S.W.3d 699, 704 (Tex. Crim. App. 2008). First, we must recognize that a jury
has already passed on the facts and we must accord the jury the proper deference to
avoid substituting our judgment for that of the jury. Id. at 704-05 (citing Clewis v.
State, 922 S.W.2d 126 (Tex. Crim. App. 1996)). Second, when we find the facts
determined by the jury to be insufficient to affirm a conviction, we must clearly lay
out and explain how the evidence supporting the verdict is too weak on its own, or
how contradicting evidence greatly outweighs evidence supporting the verdict. Id.
at 705. Finally, we view all of the evidence in a neutral light when conducting this
review. Id. We may only set aside a verdict when the evidence supporting the verdict
is so weak as to render the verdict clearly wrong or manifestly unjust. Id. (citing Cain
v. State, 958 S.W.2d 404, 406 (Tex. Crim. App. 1997)).

 Analysis

 Issue Two-Cause No. 13773

 Appellant argues that the evidence presented at trial was factually insufficient
to sustain his conviction for aggravated sexual assault of a child in cause number
13773. Specifically, appellant argues that Jack Doe had episodes of anal bleeding
due to chronic digestive problems prior to his complaints against appellant. 
Marellyn Motley testified that appellant "periodically bled from his anus" due to
complainant's low-fiber diet. The complainant's mother testified that, initially, she
believed that Jack's anal bleeding was due to constipation from a low-fiber diet.

 However, the complainant's mother later believed that Jack's anal bleeding
was due to penetration. Nurse Brenda Garison testified that the complainant bore
two healing anal tears consistent with penetration trauma and less consistent with
stool passage. Because this Court must give almost complete deference to the jury's
evaluation of the credibility of witness testimony, we defer to the jury's apparent
decision to find Garison's testimony more credible than Motley's testimony. 
Lancon, 253 S.W.3d at 704-05.

 Appellant also argues that complainant's older brother touched Jack's private
areas and digitally penetrated Jack's anus prior to Jack's complaints against
appellant. Lillian Wright, the complainant's nanny, testified that, during a bath taken
seven years prior to trial, the elder brother digitally penetrated the anus of the
younger brother. Apparently, the jury either disregarded Wright's testimony or
regarded her testimony in a manner consistent with the jury's guilty verdict. We
must give due deference to the jury since the jury has already passed on these facts. 
Lancon, 253 S.W.3d at 704.

 Appellant also argues that he was not at his residence during the time of the
assault. Appellant testified that he left his residence at 6:15 a.m. on the day of the
assault to visit his friends Jo Veta and George Finn. Appellant testified that he
returned home at 6:30 p.m. on the day of the assault. Jo Veta Finn testified that
appellant arrived at her home at 6:30 a.m. and left her home at approximately 6:00
p.m. 

 However, the State presented testimony from Jack that appellant ate lunch
with Motley and the complainants and assaulted the complainants after lunch. 
Under cross-examination, Marellyn Motley testified that she was asleep at 4:00 am,
when appellant awoke on the day of the assault. The State presented testimony from
Billy that appellant made his assaults while Billy was still asleep in a darkened room. 
We must give due deference to the jury since the jury reconciled the evidence based
on a determination on the credibility of the witnesses. Lancon, 253 S.W.3d at 704. 
This evidence is factually sufficient to sustain appellant's conviction for the
aggravated sexual assault in cause number 13773.

 We overrule appellant's second issue in cause number 13773.

 Issue Four-Cause No. 13873

 Appellant argues that the evidence presented at trial was factually insufficient
to sustain his conviction for aggravated sexual assault of a child in cause number
13873. Specifically, appellant argues that Billy's older brother touched his private
areas prior to Billy's complaints about appellant. There is no record evidence that
the complainant's older brother had any sexual interaction with Billy Doe. Appellant
also argues that he was not at his residence during the time of the assault. 
Appellant's complaints are to factual inconsistencies in the record. We conclude that
the evidence is factually sufficient to sustain appellant's conviction. We must give
due deference to the jury since the jury reconciled the evidence by determining the
credibility of the witnesses. Lancon, 253 S.W.3d at 704.

 We overrule appellant's fourth issue in cause 13873.Motion for a New Trial

 In his fifth issue, appellant argues that the trial court erred when the trial court
reversed its ruling to grant appellant's motion for new trial.

 Standard of Review

 We review a trial court's ruling on a motion for new trial under an abuse of
discretion standard. Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007)
(citing Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). We view the
evidence in the light most favorable to the trial court's ruling. Id. We uphold the
trial court ruling if the ruling was not arbitrary and was within the zone of reasonable
disagreement. Id. "A trial court abuses its discretion in denying a motion for new
trial only when no reasonable view of the record could support the trial court ruling." 
Id. (citing Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)). 

 Analysis

 A trial court retains plenary power to decide a motion for new trial for 75 days
after imposing or suspending sentence in open court. Tex. R. App. P. 21.8. A trial
court may freely rescind any order on a motion for new trial as long as the rescission
occurs during the 75-day period the trial court retains plenary power. Awadelkariem
v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). Here the trial court held a
hearing on appellant's motion for new trial on the 75th day after imposing sentence
on appellant. The trial court initially signed an order granting appellant's motion for
new trial on grounds of possible jury interaction with complainants. The State
immediately made a motion to request that the trial court reconsider its ruling on
appellant's motion. The trial court granted the State's motion to reconsider on the
same day that it granted the order and within the 75th day after imposing sentence
on appellant. Because the trial court acted within the 75-day period in which it
retained plenary power to rule on appellant's motion for new trial, the trial court
could freely rescind the order granting appellant's motion for new trial. 
Awadelkariem, 974 S.W.2d at 728. We therefore consider whether the trial court
erred in failing to grant appellant a new trial based on juror misconduct.

 A trial court must grant a motion for new trial when the jury has "engaged in
such misconduct that the defendant did not receive a fair and impartial trial." Tex.
R. App. P. 21.3(g). A juror's conversation with an unauthorized person during the
trial may be presumptively harmful to the defendant and may be sufficient
misconduct to warrant a new trial. Quinn v. State, 958 S.W.2d 395, 401 (Tex. Crim.
App. 1997). While any juror conversation with an unauthorized person
presumptively harms the defendant, the State may overcome the presumption by
proving that the unauthorized conversation did not involve the case or that the
conversation did not influence the juror and the juror did not disclose the
conversation to other jurors. Id. at 402. 

 Appellant argued in his motion for new trial that the jury engaged in
misconduct by interacting with the complainants during the trial. During the hearing
on appellant's motion for new trial, the trial court heard testimony from three
witnesses for appellant. Felicia Ann Cooley, legal secretary to Marellyn Motley's
attorney, testified that she observed both of the complainants running among the
jurors while the jurors were assembled in a hallway during a break. Cooley testified
that one of the jurors stopped and said "excuse me" to one of the complainants. 
Jennifer Rankin Blackwell, family friend of appellant and his wife, testified that she
observed the complainants roam among jurors while the jurors were on break and
assembled in the hallway. Blackwell also testified that the complainants were
playing ball in the rear of the courthouse and that Blackwell saw a juror toss a ball
back to one of the complainants. Margaret Abshier, another family friend of
appellant and his wife, also testified that the complainants interacted with jurors
while jurors were assembled in the hallway. Abshier also testified that a juror tossed
a ball back and forth to one of the complainants.

 The trial court also heard from three witnesses for the State. Jimmy Hook, one
of the jurors, testified that he did not make any contact with the complainants. 
Theda Landry, another juror, testified that she never made contact with the
complainants and never observed any jurors making contact with the complainants. 
David Rabalais, a police witness during the State's case-in-chief, testified that he
never witnessed any interaction between the complainants and the jurors while he
was standing in the hallway during break periods for the jurors. 

 We cannot reverse the trial court's decision to rescind its order denying
appellant's motion for new trial where any reasonable review of the record may
support the trial court's ruling. Webb, 232 S.W.3d at 112. The record does not
reflect any evidence of an unauthorized conversation involving the case. Thus, the
State overcame the presumption that any unauthorized conversation harmed
appellant. We hold that the trial court did not err in denying appellant's motion for
new trial.

 We overrule appellant's fifth issue. 


 

 





Conclusion

 We affirm the judgment of the trial court.



 Evelyn Keyes

 Justice

 

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.4.
1. Trial court cause number 13773; appellate court cause number 01-07-00517-CR. 
Trial court case number 13873; appellate court cause number 01-07-00535-CR.
2. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (Vernon Supp. 2008) (Aggravated
Sexual Assault: "A person commits an offense if the person intentionally and
knowingly causes the penetration of the anus or sexual organ of a child by any
means."); see also Tex. Penal Code Ann. § 22.011(c)(1) (Vernon Supp. 2008)
("'Child' means a person younger than 17 years of age who is not the spouse of the
actor.").